### H. B. CLAFLIN CO. v. DACUS et al.

### HURST et al. v. SAME.

(Circuit Court, D. South Carolina. February 23, 1894.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—RELEASE—EFFECT.

A general assignment by insolvent debtors provided for payment in full of such creditors as should accept its terms and execute releases within 60 days of its date, and for distribution of the balance of the assets among the other creditors. On the sixtieth day after the execution of the assignment, plaintiff, a creditor, voluntarily notified the assignee that he accepted the terms of the assignment, and 10 days thereafter he executed a release under seal. Upon a contest by the creditors, it was adjudged that he had not complied with the requirements of the assignment. *Held*, that the release was none the less effectual to defeat his right of action on the original debt, even though it was expressed to be executed in consideration of his having priority over the general creditors.

At Law. Actions by the H. B. Claflin Company against Dacus & Jordan, and by Hurst, Purnell & Co. against the same defendants. Judgment for defendants.

Perry & Heyward, for plaintiffs.
Haynsworth & Parker, for defendants.

---

[1] Opinion not yet handed down.

SIMONTON, Circuit Judge. These two cases, presenting precisely the same questions, were tried together, under stipulation, by the court without a jury. Each action was upon promises to pay money due on notes and open accounts for goods sold and delivered. The defense in each case was a release in full of all demands. The facts are Dacus & Jordan, the defendants, being in insolvent circumstances, executed an assignment for the benefit of creditors on 27th November, 1891, to J. C. Rogers. The assignment provided for the realization of the assets, and the payment of all debts due the public, and the debts of such creditors of the said Dacus & Jordan as may, within 60 days from the date thereof, accept the terms of the assignment, and execute a release of their claims against Dacus & Jordan; after such accepting and releasing creditors are paid, the remainder to be divided among all other creditors of this firm. The plaintiffs in each of these cases, on the sixtieth day after the execution of the assignment, by their attorneys notified the assignee, in writing, that they did thereby accept the terms of the assignment made by Dacus & Jordan, as copartners and individually, and offered releases of their claims, respectively, as required by the assignment. Within 10 days thereafter, formal releases were executed and filed with the assignee by these plaintiffs. Those creditors who had released, as well as accepted, within the 60 days, resisted the right of these plaintiffs to rank as among the preferred creditors; and the question being made in the cause of Armstrong v. Hurst, 18 S. E. 150, it was decided by the court of South Carolina that these plaintiffs had not so complied with the conditions of the assignment as to rank as preferred creditors. They had allotted to them, and received, dividends, as among the general creditors. They now bring suit against Dacus & Jordan on the original debt. The question in the case is as to the release. It is in these words:

State of South Carolina, Greenville County.

In consideration of the amount to be received by us, and our having priority over nonreleasing creditors in the distribution of the assets of the firm of Dacus & Jordan, we hereby release the said Dacus & Jordan from further liability on account of our claim against them, a statement of which is hereto annexed. [L. S.]

This action on the part of the plaintiffs was taken suo motu, with no persuasion or inducement held out to them by Dacus & Jordan, and was based entirely upon their own conviction of their rights and interests in the premises. No want of good faith has been suggested, nor is the transaction impeached in any way. We are in a court of law. The motive for the release stated by the creditors as inducing them to execute it cannot, in this court, affect the release in any way, as Dacus & Jordan were in no sense responsible for it. We deal with the operative words in the release. When nothing is shown against the fairness of a release,—that is, when nothing appears showing ignorance upon the part of the releasor, or circumvention by the released,—a release under seal must be held conclusive. Perkins v. Fourniquet, 14 How. 313. See, also, Baker v. Baker, 75 Am. Dec. 248; Shepard v. Rhodes, 84 Am. Dec.

575. In the cases at bar the releases were executed and delivered. They cannot now be avoided simply because the parties executing them have been disappointed with the result. They persuaded themselves that the course they were pursuing secured them priority. They remained of that opinion until the supreme court of South Carolina decided the contrary. It has been held that, a release being once regularly executed and delivered, it could never afterwards be avoided at law by the failure of one of the parties to perform an act, in consideration whereof the release was given. Fitzsimmons v. Ogden, 7 Cranch, 2. A fortiori, the releases in this case cannot be avoided at law. A verdict for defendants will be entered in each case.