HEWITT v. DARLINGTON PHOSPHATE COMPANY.

1. ASSIGNMENT FOR CREDITORS—RELEASES.—Creditors are entitled to the preferences, given in an assignment for creditors, to accepting and releasing creditors, where they filed with the assignee within the time limited written papers showing a clear intention to accept the preference given by the assignment, and in consideration therefor to release the debtor from all future liability on these demands, and that such acceptance and release should operate *in presenti*. The absence of seals did not affect the validity of the releases.

2. IBID.—IBID.—ATTORNEY.—A release executed by an attorney is effectual where there was written authorization to such attorney to represent the creditor at the creditors' meeting and take such steps as were best for his interests. The omission of the word "release" from one of these papers did not invalidate it, where the context shows that it was a mere clerical omission.

Before BENET, J., Darlington, June, 1894.

This was an action by C. W. Hewitt, as assignee of Joye & Sanders, and E. O. Woods, as agent for creditors, against the Darlington Phosphate Company and other creditors of Joye & Sanders, requiring the said defendants to interplead, so that the court might determine to whom the moneys in the plaintiff's hands should be turned over. The defendants raised by their answers the issues passed upon in this court. The letter from S. W. Travers & Co. to C. M. Ward, referred to in the opinion, was as follows: "We enclose you a notice from Mr. C. W. Hewitt, assignee for Joye & Sanders, asking us to attend a meeting of the creditors of the said firm, to be held in your place on the 28th of October, 1893. We also enclose you a copy of our reply to Mr. Hewitt, saying that you were authorized to represent our interest in the said meeting of creditors. Please do this, and take such steps as you think best for your interest and ours. The note which you turned over to us of the above firm is for $697.50, due November 10–13th, 1893, and the said note was sent by us to the Bank of Darlington, where it is still held."

Steffens & Son, Schefflin & Co., and S. W. Travers & Co., appealed.

*Messrs. Abney & Thomas* and *Dargan & Thompson*, for appellants.

*Mr. C. S. Nettles*, contra.

January 8, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. On the 17th day of October, 1893, T. S. Joye and J. H. Sanders executed a deed of assignment to C. W. Hewitt for the benefit of their creditors. The assignment

provided first for the payment of the claims of those creditors, "Who shall, at or before 12 o'clock meridian, on the 27th day of November, 1893, accept in writing the terms of this assignment, and in consideration therefor execute a release or releases of their claims against us," &c. In due time the following were filed:

"Charleston, S. C., November 24th, 1893. C. W. Hewitt, Esq., assignee Joye & Sanders, Darlington, S. C. Dear Sir: We hereby accept terms of assignment of estate Joye & Sanders, and agree to accept any dividends accruing under same in full payment of our account. Respectfully, George W. Steffens & Son."

"To C. W. Hewitt, assignee of Joye & Sanders, and E. O. Woods, agent of the creditors. We agree to accept the terms of the assignment, in full settlement and release of our claims. Witness our hands and seals this November 15th, 1893. C. Schefflin & Co., [L. S.] Christian Schefflin, [L. S.] Peter Schultz, [L. S.]"

"We, the undersigned, accept the terms of the assignment made by Joye & Sanders for the benefit of their creditors, of date October 17th, 1893, and in consideration of the payment of our *pro rata* of their assets, hereby our claims against them, or either of them. S. W. Travers & Co., per C. M. Ward, attorney in fact. Attest: Geo. W. Brown."

His honor, Judge Benet, decided upon Circuit that the foregoing instruments of writing were null and void as acceptances and releases under the *deed of assignment.* The presiding judge relied upon the cases of *Jaffray* v. *Steedman,* 35 S. C., 38; *Burgiss* v. *Westmoreland,* 38 *Id.,* 427; and *Armstrong* v. *Hurst,* 39 *Id.,* 498.

Mr. Justice McGowan, in behalf of the court in the case of *Jaffray* v. *Steedman,* 35 S. C., 38, says: "It is manifest that the purpose of this assignment was to give the same rights to all the creditors. It is true, it classified the creditors, leaving it, however, to themselves to elect under which class they would come in, those to be first paid who shall, at or before a given time, accept in writing the terms of the assignment, and in consideration thereof execute a release or releases

of their claims against the parties of the first part; and then and next to pay all other creditors in full or *pro rata*, without requiring release, &c. This did not violate the law against preferences. *Trumbo, Hinson & Co.* v. *Hamel & Co.*, 29 S. C., 527. It seems that all the creditors gave notice in writing of their acceptance of the terms of the assignment before the time limited for that purpose, but that none of them executed '*releases*' of their claims except the plaintiffs, who executed and delivered a formal release of the balance of their claim against the debtors; and they now insist that they alone, of all the creditors, complied with the terms of the assignment as to the class of creditors provided for in paragraph No. 2, and that, therefore, they are entitled to be first paid. The Circuit Judge so ruled, and the only question in the case is whether that ruling was error. All agree that plaintiffs are entitled to stand in class No. 2; but it is insisted that all the other creditors who accepted in time the terms of the assignment are, notwithstanding they executed no release, also entitled to be ranked in that class, on the ground that the assignment did not require the release to be executed within the time fixed for its acceptance, and, indeed, may be still executed; but if not, that there really was no necessity for the execution of the former release, as the written acceptance itself operated as a satisfaction in full of the balance of the accepting creditors' claims, and, therefore, in fact and in law, constituted a 'release,' in the sense of the statute, and of the assignment, which is in the same terms. The words of the assignment are very clear and positive— 'shall, at or before (a day and hour named) accept in writing the terms of the assignment; and in consideration thereof execute a release or releases of their claim,' &c. Two things were required—acceptance and release upon the same subject matter—one the supplement of the other, and coupled together by the word 'and' in the same sentence. It seems to us that, from the mere reading, it must be obvious that the intention was that both the acceptance and release should be within the time indicated. But it is further contended that the acceptance in writing alone should be regarded as tantamount to a release, and that the clause expressly requiring the execution of releases

may be regarded as surplusage. The court has no dispensing power, and we do not think we are at liberty to expunge the clause by construction. If acceptance alone was, to all intents and purposes, a release, we do not see why the requirement as to releases should have been superadded."

Mr. Justice McGowan, in delivering the opinion of the court in *Burgiss* v. *Westmoreland,* 38 S. C., 428, says: "Neither the assignment act nor the deed of assignment makes any mention of a *seal,* and we think it manifest that the only object of requiring the execution of a release was to secure, under certain conditions, the absolute discharge of the debtor as to the portion of the debt not paid by the *pro rata* under the assignment, and as a consequence, that a paper which is sufficient for that purpose is a substantial compliance with the requirement, although not a technical release under seal. As the instruments executed in time, with or without seals, would discharge the debtor, it would seem very technical to hold that a creditor should be deprived of all benefit under the assignment, simply because his relinquishing paper is without a seal. 'Although in general a creditor who separately agrees to take less than his entire demand, is not legally bound by such agreement for want of adequate consideration, yet where several creditors on the faith of other stipulations enter into an agreement of that nature, whether by deed or unstamped memorandum, each is legally bound by it, and he cannot either privately receive, or sue his debtor for a larger dividend than the rest.' Chit. Prom. Notes, 279."

In the case of *Armstrong* v. *Hurst,* 39 S. C., 506, it appears that on the 26th of January, 1892, Messrs. Perry and Heyward, as attorneys for certain of the creditors therein named, filed with the assignee a notice, of which the following is a copy: "To J. C. Rogers, assignee, Greenville, S. C. Take notice that the creditors whose names appear upon the list hereto attached, with their respective claims against the firm of Dacus & Jordan, hereby accept the terms of the assignment made to you by the firm of Dacus & Jordan—N. C. Dacus and M. M. Jordan—on the 27th day of November, A. D. 1891, and offer releases of their said claims, respectively, as required by said

assignment." The court, in speaking of a case similar to the one just mentioned, in which the acceptance and release were held to be null and void under the assignment, says: "The reason of this ruling, doubtless, was that, the object being to fix the rights of the parties at the time specified, a mere offer, which might be withdrawn before it was accepted and acted upon, would not be sufficient."

We think the conclusion at which the presiding judge arrived, was, perhaps, due to the fact that he was not aware that in the case of *Burgiss* v. *Westmoreland,* upon which he principally relied, only three of the defendant creditors appeared, and the rights of Dorman & Cannon and Arnold & McCord were not before the Supreme Court for adjudication when that decision was rendered. This fact does not appear in the opinion of the Supreme Court, but does appear on page 11 of the "Case."

The foregoing cases show: 1. That in accepting the terms of an assignment made for the benefit of creditors, and executing releases of claims, neither a seal nor any particular form of release is necessary. 2. That it is sufficient, if the writing shows an intention to accept the terms of the assignment, and to release, *in presenti,* the debtor from all liability, except under the deed of assignment. 3. That a mere offer to release, being *executory* in its nature and subject to withdrawal by the creditors, is not sufficient. 4. That a mere acceptance of the terms of an assignment without the execution of a release, is not sufficient.

The three acceptances and releases in this case show: 1st. That it was the intention of the creditors executing them to accept the terms of the assignment. 2d. That it was the intention of the creditors executing them, to release the debtors from all future liability on their claims. 3d. That it was the intention of such creditors, that the acceptances and releases should take effect, *in presenti.* Such being the case, they are all valid under the assignment.

Objection has been urged against the validity of the acceptance and release executed by S. W. Travers & Co., per C. M. Ward, on the ground that C. M. Ward had no authority to act in the premises. The letter to him from S. W.

Travers & Co., which will be set out in the report of the case, authorized such action. The omission of the word "release" in the acceptance of release of S. W. Travers & Co. is manifestly a mere clerical error.

It is the judgment of this court, that the judgment of the court below be reversed, and that the case be remanded to the Court of Common Pleas for Darlington County for such further proceedings as may be necessary to carry out the views herein announced.