*EX PARTE* JONES, *IN RE* ALMA LUMBER CO. v. BEACHAM.

1. JUDGMENT—ATTORNEY—CODE, 195.—A party cannot be relieved, under section 195 of Code, of a judgment in foreclosure, on the ground that his attorney was mistaken in the amount of the liens upon the property, and as to the amount the property would sell for.
2. ATTORNEY AND CLIENT.—In the absence of *fraud*, the acts of an attorney in the management of a cause *in court* is binding on his client.

Before EARLE, J., Greenville, February, 1896. Affirmed.

Motion by Benton W. Jones, upon petition and affidavit, *In re* Alma Lumber Company against Hessie A. Beacham and others, asking that he be relieved of the judgment of foreclosure in this case. Motion refused. Petitioner appeals.

*Mr. Samuel C. Cason*, for appellant, cites: Code, 195; 22 S. E. R., 738; 8 Rich., 468; McCord's Ch., 406; 7 S. E. R., 133; 17 S. C., 445; 36 S. C., 578.

*Messrs. Haynesworth & Parker*, contra, cite: Code, 195; 8 S. C., 62; 17 S. C., 451; 28 S. C., 606; 3 Wait's Prac., 403; 14 S. C., 332; 16 S. C., 617; 36 S. C., 582; 17 S. C., 444; 8 Rich. Law, 469; 2 McC. Eq., *409; 12 Ark., 401; 5 Caldwell (Tenn.), 371; 32 S. C., 37; 1 A. & E. Ency., 995; 3 Edw. Chan., 405; 1 Cow., 709; 5 John. Chan., 551; 21 S. C., 204; 8 S. C., 60; Rev. Stat., 2469; 2 N. & McC., 291; 145 U. S., 368; 21 S. E. R., 277; 22 S. E. R., 738.

July 30, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. The petitioner, appellant, at the January term of Court for Abbeville County, on petition, affidavits, and notice to respondents, moved Judge Earle for an order setting aside, so far as a petitioner was concerned, a judgment of foreclosure rendered in the above stated case at the June term, 1895. Relief was sought upon the ground of "the unauthorized act and mistake of Messrs.

Graydon & Graydon, petitioner's attorneys in said suit, by which the petitioner's mechanic's lien on certain property, described in the petition and affidavit herein, was subordinated to certain junior liens of F. T. Miles and the Piedmont Savings and Investment Company, in the distribution of the proceeds of said property ordered to be sold by the said judgment of foreclosure."

The Alma Lumber Company had foreclosed a mortgage on the property of Hessie A. Beacham, and the appellant and respondents were all made parties defendant, they claiming liens on the property. The respondents here answered in that case, setting up their liens and claiming priority over the lien of the plaintiff of the said defendant, Jones, and of the other defendants, while the defendant, Jones, alleged that his mechanics' lien was second only to the lien of Parker & Haynesworth. The petition, in fact, states that the suit was begun "for the purpose of settling priorities of various liens on the property described in the complaint, and for the purpose of selling it to satisfy the liens." The petition also states that Messrs. Graydon & Graydon were the attorneys for the petitioner, the defendant, Jones, in that suit. The issues of the foreclosure suit were referred to a referee. All parties, in person or by attorneys, were present before the referee, the petitioner being represented by Messrs. Graydon & Graydon, and a report was agreed on by all parties, after concessions were made by some of the parties. This agreement and report ranked the liens upon the whole property as follows: first, mortgage of F. T. Miles; second and third, mortgages of Piedmont Savings and Investment Co.; fourth, mortgage of Parker & Haynesworth; fifth, mechanics' lien of petitioners; seventh and eighth, two other mortgages. By this arrangement the defendant, Jones, claiming a lien on a *part* of the premises sought to be foreclosed, second to the lien of Parker & Haynesworth, was allowed a lien on the *whole* property next to Parker & Haynesworth, but fifth in order. Furthermore, no contest was made as to the defendant, Jones', claim of mechanics'

lien by this arrangement; whereas it was a disputed matter, or disputable matter, since B. K. Beacham, the husband of Hessie A. Beacham, and her agent and manager in the construction of the houses upon which the lien was claimed, submitted an affidavit on the motion before Judge Earle to the effect that the mechanics' lien had not been filed in time as required by law, to constitute it a lien. It appears from the affidavit of Mr. Lewis W. Parker that the terms of this agreement were communicated to the petitioner on the day it was consummated, and no objection was made thereto. It appears also in the petition that the petitioner was informed by his attorneys that matters had been satisfactorily adjusted. The referee's report was confirmed by the Circuit Court, judgment of foreclosure rendered, and the property sold; but, contrary to the expectation of all parties, the property brought sufficient to pay only the liens prior to the petitioner's. The petitioner did not attend the sale, and expressed dissatisfaction with the arrangement made for the first time after the sale.

The mistake of the attorneys alleged, as ground to set aside the consent decree, was that the attorneys thought the amount of the lien placed ahead of petitioner's lien was $3,500, whereas they are now found to be $3,700; and, further, because the attorneys for petitioner thought the property would bring enough to pay the mortgages and petitioner's lien. No doubt, all parties thought the Alma Lumber Company, largely interested, and holding liens junior to that of appellant and respondents, would make the property bring enough to satisfy its own and prior liens. Upon this showing, Judge Earle refused the motion to set aside the judgment of foreclosure, and petitioner now alleges error in his so refusing, "because of the unauthorized act and mistake of the attorneys in subordinating petitioner's lien to junior liens." ·

The Circuit Judge was clearly right. The alleged mistake of petitioner's attorneys is not such a mistake as would warrant a court to relieve from a judgment, under

section 195 of the Code. "That section of the Code was intended only for the relief of parties who, by reason of some mistake, inadvertence, &c., may have lost the opportunity to be present at the trial or to be represented there." *Steele* v. *R. R. Co.*, 14 S. C., 331. Throughout the whole proceeding the petitioner was represented by able and honorable counsel, and a party, represented at the trial by counsel, can only obtain relief from a judgment by the mode of procedure provided for obtaining new trials. Freeman on Judg., § 105, *Steele* v. *R. R. Co.*, *supra*, and a number of cases subsequently decided as well as previously decided. There was not even neglect of counsel in this case, for the circumstances seemed to justify the conduct of counsel as prudent; opposition to petitioner's claim of lien was avoided, and the lien was established without contest; and while the alleged lien was second on a part of the property, it was made a fifth lien on the whole property, under circumstances justifying the belief that the property would sell for sufficient to pay the petitioner's lien and all prior liens. But even if counsel had been negligent in the arrangement complained of, the judgment could not be set aside, *Sullivan* v. *Shell*, 36 S. C., 582, except for fraud, *Irby* v. *Henry*, 16 S. C., 617, and there is no hint of fraud on part of counsel in the case.

Counsel for appellant argues that an attorney has no power to release a lien or substitute one security for another, without express authority from the client, and cites such cases as *Gilliland* v. *Gasque*, 6 S. C., 409; *Mayer* v. *Blease*, 4 S. C., 11; *Ludden & Bates Southern Music House* v. *Sumter*, 45 S. C. But such cases do not apply. It is true, that attorneys, under their general authority as such, have no such powers; but there is a wide and clear distinction between the acts of attorneys under their general authority in matters not in court, and the acts of attorneys in the conduct and progress of a suit in court. This distinction is made in other cases cited by appellant. Take the case of *Smith* v. *Bossard*, 2 McCord, Eq., 406, for instance. That case holds, that while a reference to arbitration of a client's

cause by an attorney is not within the general power of an attorney, yet the appointment of an attorney to prosecute or defend a case confers on him all the powers necessary to the forms and usages of the court. Therefore, the attorney's consent to a reference to special accountants, and his assent to the confirmation of the report, is obligatory on his client. In *Mockley* v. *Amos*, 8 Rich., 468, another case cited by appellant, the distinction is pointed out. Judge Harper in that case, quoting from Kyd on Awards, 246, said: "The reason of the difference seems to be this—that in the first case, the general character of an attorney does not imply a commission from the principal to do anything so much out of the ordinary course of a general attorney as to refer a matter to arbitration; but the employment of an attorney in a particular suit implies his client's assent that he may do everything which the Court may approve in the progress of the cause." Upon this distinction in a large measure rest the certainty, verity, and finality of every judgment of a court. Litigants must necessarily be held bound by the acts of their attorneys in the conduct of a cause in court, in the absence, of course, of fraud. In this case the very object of the suit in foreclosure was to settle the priority of liens on the mortgaged property, and to sell the property for the payment thereof. This has been done in this case with the consent of petitioner's attorneys in a matter in which they were fully authorized to act—indeed, with the full knowledge and acquiescence of the petitioner himself, until it was too late to alter or remedy, and, therefore, is final.

The judgment of the Circuit Court is affirmed.