## DIXON v. FLOYD.

1. JUDGMENT—SETTING ASIDE—ATTORNEY.—A party cannot invoke the
   provisions of sec. 195, of Code of Proc., to set aside a judgment,
   when his attorney had full knowledge of all the facts connected with
   the rendition of the judgment, and actually consented thereto, in
   absence of facts showing mistake, inadvertence or excusable neglect
   on part of attorney.

2. ATTORNEY.—An agreement made by an attorney compromising a
   case during its progress before the master, must be regarded as
   having been made in open court, and is within the powers of an
   attorney.

3. PARTY.—Court has authority to make an order requiring a party to
   a cause to surrender possession of a tract of land, the subject of
   controversy.

Before WATTS, J., Greenwood, March term, 1905. Af-
firmed.

Action by Carrie V. Dixon against Theresa Floyd, John
Floyd, Eula Floyd, J. Peter Philips and Farmers' Bank of

Abbeville. From orders refusing to set aside judgment, and requiring defendant, Theresa Floyd, to surrender possession of land, she and the plaintiff appeal on following exceptions:

"I. Because the presiding Judge erred in not finding and holding that the evidence clearly shows the appellants had no notice of the holding of the reference on February 27, 1904, and had no opportunity to attend the same, and offer evidence to sustain the allegations of the complaint.

"II. Because the presiding Judge erred in not finding and holding that the undisputed evidence showed that the judgment was obtained against the appellants by or through their mistake, inadvertence, surprise and excusable neglect.

"III. Because the evidence shows that the making of the agreement by the attorneys for the appellants was not only unauthorized, but expressly forbidden by the appellants, and was not binding on them, and his Honor erred in not so holding.

"IV. Because his Honor erred in not finding and holding that the said agreement made by the attorneys at the reference held February 27, 1904, was not authorized by the appellants, was forbidden by them, and was contrary to their rights and interests in the premises, and that they were excusable for not attending the said reference, there being no evidence to the contrary, but the evidence clearly showing that they did not know of the reference until after the agreement had been made.

"V. Because, as the evidence clearly shows that the said judgment was obtained against the appellants through their surprise, mistake, inadvertence and excusable neglect, his Honor erred in not vacating the same and allowing them to make proof of the facts alleged in the complaint.

"The said Theresa Floyd also appeals from the said order on the additional ground that the said orders and decrees of the Court allow her only $50 for her dower interest in the said lands, while taking the expressed consideration of the said deeds as a basis, she was entitled to more than $150 for

dower, and the Court should have vacated the said orders and judgments for the purpose of establishing her dower rights in said lands.

"The said Theresa Floyd also appeals from the said order to eject her from the said lands on the ground that the said decree or judgment of the Court does not direct the delivery of possession of said lands, and the presiding Judge erred in not holding that said case was ended and that he had not jurisdiction to make the order to eject her from the said lands."

*Messrs. Magill & Magill* and *Ellis G. Graydon,* for appellants, cite: *Order should have been set aside:* 51 S. C., 405; 3 Ency., 358; 1 DeS., 461.

*Messrs. Sheppards, Grier & Park,* for Phillips, contra, cite: *No abuse of discretion being charged in refusal to set aside order, there is nothing to consider here:* 53 S. C., 231; 51 S. C., 405; 38 S. C., 556; 36 S. C., 578; 17 S. C., 451. *Sec. 195 of Code of Proc. does not apply:* 7 S. C., 76; *Steele v. R. R.,* 14 S. C. *Agreements made by attorneys during trial are binding on clients:* 47 S. C., 393; 133 Fed. R., 159; 101 U. S., 239.

January 30, 1906. The opinion of the Court was delivered by

Mr. Justice Gary. This is an appeal from an order refusing a motion to set aside a judgment on the ground of mistake, surprise, inadvertence and excusable neglect; also from an order requiring one of the appellants to surrender possession of the lands described in the complaint.

In order to understand clearly the questions presented by the exceptions, it will be necessary to state somewhat at length the facts of the case. In 1902, Carrie V. Dixon brought an action for partition of two tracts of land—one containing sixty and the other about 244 acres. The complaint alleges that James G. Floyd died in 1898, seized and

possessed of said lands in fee conditional, leaving as his heirs at law, his widow, Theresa Floyd, his daughters, Carrie V. Dixon, Eula Floyd and Mary James Floyd, and his son, John Floyd—all of said children being minors, except Carrie V. Dixon. J. P. Phillips was made a defendant on the ground that he claimed some interest in the lands, and he answered the complaint denying certain allegations thereof, and alleging that he and others to whom he conveyed an interest, were the owners in fee and in possession of said lands. Theresa Floyd answered the complaint through her attorney, J. Y. Culbreath, Esq., claiming that she was entitled to dower in said lands. J. F. J. Caldwell, Esq., an attorney at law, was appointed guardian *ad litem* of the infant defendants, and he filed an answer submitting their rights to the Court. On motion of plaintiff's attorney, with consent of the attorneys representing the several defendants, all issues of law and fact were referred to the master, who fixed the 23d of February, 1904, for holding the reference; but as the parties were not ready to proceed, it was postponed until the 27th of February, 1904.

The master in his report says: "At a reference held on the 27th February, 1904, there were present Mr. Schumpert, one of the attorneys for the plaintiff, Mr. Grier, of the firm of Sheppards & Grier, representing that firm, and the defendant, Phillips, and Mr. Caldwell, guardian *ad litem* of the three infant defendants. Mr. Schumpert represented J. Y. Culbreath, attorney for Theresa Floyd. No testimony was offered in support of the claim of dower, made by the defendant, Theresa Floyd; nor was testimony offered to impugn or qualify the deed by James G. Floyd to Phillips, above mentioned. On the contrary, the counsel for adult parties to the action agreed upon the following adjustment and settlement of all the matters in controversy, that is to say, that the said J. P. Phillips shall convey the tract of sixty acres, more or less, described in the pleadings, to the defendant, Theresa Floyd, for and during her natural life, with remainder to the plaintiff, Carrie V. Floyd, and defendants,

John, Eula and Mary James, in equal shares, the child or children of any one of the remaindermen dying before the said Theresa Floyd to take the share of his, her or their parent. The guardian *ad litem* of the infants expressed no dissent to this arrangement, but withheld his consent, and left the matter to the judgment of the Court. Testimony was presented to the effect that the proposed settlement is proper and for the interest of the claimants, as will more fully appear by the notes of reference accompanying this report." The master recommended that said agreement be carried into effect, and his report was confirmed by an order of the Court on the 2d of April, 1904. Attached to the order confirming the master's report is the following:

"We consent.

"Schumpert & Holloway, plaintiff's attorneys.

"J. Y. Culbreath, attorney for the defendant, Theresa Floyd.

"Sheppards & Grier."

On the 2d of July, 1904, an order was made allowing J. P. Phillips to repurchase the tract containing sixty acres for $400. Thereafter Carrie V. Dixon and Theresa Floyd filed a petition asking that said decrees be set aside on the ground of surprise, mistake, inadvertence and excusable neglect, in that they did not have any notice of said reference; nor of said agreement until said orders had been signed; nor that there would be applications for said orders; and in that their attorneys did not have authority to enter into said agreement, by which they allege their rights were sacrificed. They also asked that their attorneys be changed, and that Messrs. Ellis G. Graydon and Magill & Magill be substituted upon the record. On the 30th March, 1905, an order was filed refusing the petition to set aside said orders.

On the 3d of April, 1905, a rule was issued by the Court, requiring the defendant, Theresa Floyd, to show cause why she should not surrender possession of said lands. Upon hearing her return, an order was filed requiring her to surrender possession of said premises. Carrie V. Dixon and

Theresa Floyd appealed upon exceptions, which will be set out in the report of the case.

The first question that will be considered is whether his Honor, the Circuit Judge, erred in refusing to set aside said orders on the ground of surprise, mistake, inadvertence or excusable neglect. The appellants rely upon section 195 of the Code, which provides that the Court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding, taken against him through mistake, inadvertence, surprise or excusable neglect. A party cannot invoke the provisions of this section when his attorney had full knowledge of all the facts connected with the rendition of the judgment and actually consented thereto, in open Court, in the absence of facts showing mistake, surprise, inadvertence or excusable neglect on the part of the *attorney*, which facts are not made to appear in this case. *Steele* v. *R. R.,* 14 S. C., 324; *Ex parte Roundtree,* 51 S. C., 405, 29 S. E., 66.

The next assignment of error is because the Circuit Judge should have ruled that the appellant's attorneys were not authorized to enter into said agreement. The agreement was made during the progress of the case upon the hearing before the master. It must, therefore, be regarded as having been made in open Court. The distinction between the powers of an attorney during the progress of a case in open Court, and at other times, is clearly pointed out by the authorities. *Ex parte Jones,* 47 S. C., 393, 25 S. E., 285, and cases therein cited. In the former, far greater latitude is allowed than in the latter. One of the principal reasons is because the trial frequently develops a state of facts quite different from that anticipated, and the attorney is compelled to act for the best interests of his client, without the opportunity for consultation which would be afforded him on other occasions. A failure to act promptly might materially prejudice the rights of his client. In the case under consideration, mutual concessions were made as

to certain rights of the respective parties which the pleadings showed were strenuously contested; and in adjusting those rights under the circumstances, the attorneys did not act without authority.

The last question to be considered is whether there was error in requiring the defendant, Theresa Floyd, to surrender possession of said premises in the summary manner hereinbefore mentioned. She was a party to the action and the Court had the right to make such orders as were necessary to make the decree effective. *Ex parte Qualls,* 71 S. C., 87.

It is the judgment of this Court, that the orders of the Circuit Court be affirmed.