9485.

POORE v. POORE *ET AL.*

(89 S. E. 569.)

ATTORNEY AND CLIENT — AUTHORITY — SETTLEMENT. OF SUIT. — In the absence of fraud or mistake, where the undoubted attorneys of record for a party solemnly agree to settle and adjust the issues and subject matter of the suit, he cannot later by other counsel repudiate the agreement.

Before GARY, J., Anderson, March, 1915.   Affirmed.

Action by Mrs. Nannie L. Poore against Leda Poore and others.   From orders and decrees made in the case, the defendant, C. B. Lewis, appeals.

*Mr. Wm. N. Graydon,* for appellant, submits: *The legal title vested in the trustees under the will of J. B. Lewis:* 24 S. C. 452; 36 S. C. 354; *and they could not convey the interest of the beneficiary:* 29 S. C. 278; *or acquire any interest adverse thereto:* 39 Cyc. 296, 298. *Rule of con-construction:* 59 S. C. 137; 44 S. C. 503. *On appeal from final order intermediate orders may be reviewed:* 59 S. C. 49; 69 S. C. 233; 96 S. C. 357. *Order settling case review-able on appeal:* 98 S. C. 192 and 431; 92 S. C. 226.

*Messrs. Bonham, Watkins & Allen,* for respondent, sub-mit: *Order settling case correct:* 98 S. C. 453 to 455; Rule 14 Supreme Court, 79 S. C. 302. *Appellant has no stand-ing in this appeal and is not entitled to be heard, for the following reasons: First. He has not complied with rule four of this Court, nor with rule seven of the Circuit Court.   Second. Having agreed to a compromise of the case, and having withdrawn his appeal with the agreement that he would make no further claim to any interest in the estate, other than his right to the Dean tract of land, and that the other parties might proceed with the settlement in accord-ance with the terms of the decree of Judge Rice fixing the interest of the parties, he has no further interest in the cause, and the questions raised are purely speculative.   This Court has often reiterated the rule that an appellant will*

---

FOOTNOTE.—As to right of attorney to compromise his client's cause of action, see note in 21 A. & E. Ann. Cas. 577, 36 A. & E. Ann. Cas. 1915b, 832, 31 L. R. A. (N. S.) 523 to 531; and to bind his client by con-sent decree, see 46 L. R. A. (N. S.) 750 to 754.

*not be heard upon issues which have been settled, and which do not at the time involve substantial rights:* 6 Richardson 149; 14 Southeastern Reporter 549; 15 S. C. 370; 44 S. C. 280; 45 S. C. 446; 58 S. C. 564.    *Third. Appellant, by his exceptions, attempts to raise an issue as to the validity of his deed to R. A. Lewis.    He cannot do this for two reasons: (a) The validity of this deed is admitted by his sworn answer; (b) this issue is raised for the first time before this Court and comes too late:* 13 S. C. 123; 13 S. C. 430; 14 S. C. 312; 51 S. C. 506; 53 S. C. 77; 54 S. C. 223; 76 S. C. 574; 80 S. C. 460.    *Fourth. The appeal from Judge Gary's order came too late.    As to the title, it became vested at period fixed for division:* 69 S. C. 285; 72 S. C. 183; 91 S. C. 408; 87 S. C. 63; 44 S. C. 503; Dudley Eq. 201; 1 McC. 87; 1 Hill Ch. 357-358; 1 Strob. Eq. 43, 283 and 288; 5 Rich. Eq. 83 and 426; 1 Rich. Eq. 265; 19 S. C. 346, 350; 2 McC. Ch. 244; 71 S. C. 33; 3 Rich. Eq. 244; 57 Conn. 295; 14 Am. St. Rep. 101; 52 N. J. Eq. 351; 31 Ind. App. 635; 14 N. Y. S. R. 385; 32 N. J. Eq. 6; 10 Am. St. Rep. 464; 8 L. R. A. (N. S.) 180; 6 Gill. 161; 25 L. R. A. 1145; 37 L. R. A. (N. S.) 728; 159 Pa. 118; — L. R. A. 1915c, 1012; 33 L. R. R. (N. S.) 1; 91 S. C. 59.

July 31, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from orders and decrees made in the case by Judges Gary, Shipp and Rice.    The appellant first excepts to the order of Judge Gary by which the case for hearing in the Supreme Court was settled, and the main issues involve numerous questions of law relative to the decrees of the three Circuit Judges, to wit: Judge Shipp's decree of April 23, 1913; Judge Rice's decree of March 23, 1914, and Judge Gary's decree passed at the March term of the Court, 1915.    The respondent at the outset questions

the appellant's standing in Court and right to be heard; that the case shows that the appellant is now represented by one who was not the attorney of record in Circuit, in violation of rule four of the Supreme Court, and also without compliance with rule seven of the Circuit Court, and that it appears by the case that all issues involved in the proceedings, in so far as they affected the rights of appellant, were by him compromised and settled, and his attorneys of record in abandoning his former appeal, stated in writing that an amicable settlement had been reached, and that all the rights of the appellant were fully and finally determined by the orders of Judges Shipp and Rice, and that the appeal from the order of Judge Gary comes too late. If this contention of the respondent be sustained, it will be decisive of the appeal, and we will first determine that question. The record does not show that Mr. Graydon was substituted as attorney for the appellant in accordance with the rules of Circuit and Supreme Court. When the case was heard by Judge Shipp, and a decree made by him that determined most of the issues in the case, when this decree was filed all of the attorneys of record in the case representing the different parties to the suit were notified and accepted service of the notice of filing of this decree. At that time Messrs. Breazeale and Pearman and Leon L. Rice, Esq., were the attorneys of record representing the appellant, C. B. Lewis. The appellant, C. B. Lewis, did not appeal or give notice of intention to appeal from Judge Shipp's order. The attorneys representing the heirs of Mrs. America Bigby gave notice of intention to appeal from this decree, but before perfecting the same gave notice that the same was abandoned, and later, in open Court, stated that their appeal was abandoned, and they claimed no further interest in the cause. The appellant did not take any steps looking to an appeal from this decree at all until long afterwards, when Judge Gary made his decree. At the fall term of Court, 1913, Judge Rice heard the cause as to the

14—S. C. 105.

construction of the will of J. B. Lewis. Messrs. Breazeale and Pearman and Leon L. Rice, Esq., represented at this hearing C. B. Lewis, and were his attorneys of record. On March 23, 1914, the decree of Judge Rice was filed, and on the same day all of the attorneys of record for the various parties to the suit filed their acceptance of service of the notice of the filing of this decree. Within 10 days thereafter Messrs. Breazeale and Pearman and Leon L. Rice, Esq., attorneys of C. B. Lewis, gave notice of their intention to appeal from this decree, but they never perfected the appeal or filed any return in the Supreme Court.

The record shows that a suit had been commenced by the executrix of the will of R. A. Lewis against the defendant, C. B. Lewis, to foreclose a mortgage of real estate, given several years before by C. B. Lewis to R. A. Lewis, which mortgage covered the Dean tract and other lands. Negotiations were entered into between the parties, and a compromise was agreed upon, fixing the amount that C. B. Lewis was to pay in settlement of the mortgage debt, and also it was agreed that the appeal of C. B. Lewis from the decree of Judge Rice should be abandoned and withdrawn, and that the estate of J. B. Lewis should be finally settled in accordance with the terms of Judge Rice's decree. C. B. Lewis' attorneys of record, Breazeale and Pearman, consented to this, and under the agreement were paid $500 out of the estate funds of J. B. Lewis. This amount by agreement was heard and determined by his Honor, Judge Prince, and on June 20, 1914, Messrs. Breazeale and Pearman and Leon L. Rice, Esq., formally served notice that the appeal in the case had been abandoned by C. B. Lewis, "having reached an amicable settlement in the case." When Judge Gary, in March, 1915, passed his decree, which was based upon the decree of Judge Rice, and the agreement made thereafter between the parties to the suit, including C. B. Lewis, after which notice that the appeal of C. B. Lewis was abandoned by his attorneys of record. The attorneys of

record of C. B. Lewis, as well as the attorneys of the other parties in the case, were present when Judge Gary's decree was made in open Court, and no objection was interposed thereto. After this notice of intention to appeal, an appeal was then served by Mr. Graydon for C. B. Lewis, he having been retained by C. B. Lewis. No notice of substitution of attorneys of C. B. Lewis had been received by the adverse parties, nor had any order of substitution been made by the Court as rules of Court required.

We are bound to conclude from the facts in the case that C. B. Lewis was represented by competent attorneys retained and employed by him, and that they, acting within the scope of their authority, agreed to the compromise and settlement for C. B. Lewis, and, agreeing for him that he would make no further claim for any interest in the estate other than his right to the Dean land, and that the other parties might proceed with the settlement in accordance with the terms of the decree of Judge Rice, fixing the interest of all the parties and formally withdrawing, and abandoning the appeal, then C. B. Lewis is bound by what his attorneys did, and he cannot now complain as far as the other parties to the suit are concerned, and by that agreement he is shut out and estopped from claiming any further interest in the cause. The action of his attorneys eliminated him from the cause; whatever he was entitled to was fixed by that agreement, and he is entitled to nothing except as provided for in that agreement.

There is no allegation or suggestion of fraud that the other parties to the suit procured this agreement by fraud. He was represented by competent counsel retained and employed by him. It is to be presumed that they carefully represented him and faithfully guarded his interest. It will never do, in the absence of fraud, to allow the undoubted attorneys of record for a party to a suit to enter into a solemn agreement to settle and adjust the issues and subject matter of a suit and then later, if it is done, because for any reason

the party is dissatisfied, to allow him to repudiate this agreement and employ different counsel to upset and set aside what his first counsel has done. The respondent here dealt with C. B. Lewis' attorneys of record, the lawyers employed by him as his representatives, and in good faith arrived at an understanding agreement and settlement with them. If C. B. Lewis has been aggrieved with good cause, his remedy, if he has any, is against his attorneys and not the parties to this suit. When his attorneys made the agreement they did, he had no further interest in the cause as made by the exceptions in this case. Judge Rice's decree settled everything in the case practically, and Judge Gary's order was purely an administrative order, and the appellant had no further interest in the cause after he agreed to settle as provided for by Judge Rice's decree; when Judge Gary's order was passed he was out of the case. An agreement by consent in a cause pending, or a judgment by consent of parties, is in the nature of a contract between them, and cannot be set aside where fraud or mistake is not alleged. *Jones and Parker* v. *Webb,* 8 S. C. 207, and cases therein cited; *Rice* v. *Mahaffey,* 9 S. C. 282; *Beck* v. *Railroad,* 99 S. C. 310, 83 S. E. 335.

Exceptions overruled. Judgment affirmed.