10182

PETERSON v. ATLANTIC COAST LINE R. R. CO.

(98 S. E. 848.)

1. APPEAL AND ERROR—REVIEW—VERDICT.—In law case verdict will not be disturbed upon the ground that it is against the overwhelming weight of the testimony, except where it is wholly unsupported by evidence.

2. ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY—WAIVER OF ISSUE. —Attorney employed to prosecute or defend an action has authority to waive the submission of an issue to the jury, where he does so in good faith, believing that it is for the best interests of his client.

Before WHALEY, County Judge, Richland, —— term, ——. Affirmed.

Action by I. C. Peterson against the Atlantic Coast Line Railroad Company. Judgment for defendant, and plaintiff appeals.

*Messrs. W. Hampton Cobb* and *Cooper & Alderman,* for appellant, submit: *His Honor should have charged the law relating to passenger and carrier, and left it to the jury to determine whether or not appellant was a passenger at the time of his injury:* 6 Cyc.; pp. 336, 337; 52 S. C. 572; 5 Am. & Eng. Enc. 488 (2d Ed.); 51 S. C. 151. *It is beyond the power of an attorney to waive the legal rights of his client in matters of this kind:* 76 S. C. 565; 1 Wharton Evidence 276, 283; 2 Wharton Evidence 1189; 4 Cyc. 950; 33 Am. & Eng. Ann. Cases 522; 6 Corpus Juris 649, and notes; 6 Cyc.

626, and note 24 thereunder; 66 S. C. 546; 67 S. C. 285. *Appellant is entitled to a new trial upon the merits of the case:* 6 Cyc. 538-542; 69 S. C. 342; 42 S. C. 321; 85 S. C. 422; 6 S. C. 130; 20 S. C. 332; 74 S. C. 570; 73 S. C. 202; 47 S. C. 393; 51 S. C. 405; 1 Hill 32.

*Messrs. Barron, McKay, Frierson & Moffatt,* for respondent (no citations).

April 7, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff brought this action to recover damages for injuries sustained by him as the result of defendant's alleged negligence in transporting him as a passenger from Columbia to Camp Jackson.

The evidence disclosed the following circumstances: In the summer of 1917 the construction of Camp Jackson, which is about six or seven miles from Columbia, was in progress. Defendant ran a train, composed of an engine and 15 or 20 cattle cars, between the city and the camp for the purpose of conveying workmen to and fro. The train would leave the city early in the morning, signaling its departure by blowing the whistle some minutes before leaving, and would stop at street crossings and other places en route to take up workmen going to the camp, and after work hours in the afternoon it would take up the workmen at the camp and bring them back to the city. It did not appear by what arrangement this train was run, at whose instance or expense. But transportation on it was free to workmen at the camp, and none of them were required to pay fares. The foreman at the camp who employed plaintiff told him to come out on this train, and plaintiff was carried to and from the camp on it for a month or more before he was injured. On September 26, 1917, the car in which plaintiff was riding jumped the track, while running on a high embankment and approaching a trestle. Fearing that it would run off into

the deep ravine, plaintiff jumped off, and broke his left leg. There was testimony tending to prove that plaintiff's injury was caused by negligence attributable to defendant. On the other hand, the testimony was susceptible of the inference that defendant was not guilty of actionable negligence.

At the close of all the testimony, defendant moved for a directed verdict on the ground, among others, that there was no evidence of actionable negligence. The motion was refused. The Court then asked plaintiff's attorneys if they had any authorities bearing upon the relation between plaintiff and defendant at the time of the injury; that is, as to whether plaintiff was a passenger, and entitled to that degree of care which a carrier owes a passenger. They replied that they had none, and that, as they were uncertain as to whether the evidence was sufficient to establish that relation, they would be satisfied with a charge as to ordinary care, as between a carrier and licensee.

Under instructions to which no exception has been taken, except as hereinafter mentioned, the jury returned a verdict for defendant. Whereupon plaintiff moved for a new trial, which was refused; and from judgment on the verdict he appealed to this Court, assigning error in the refusal of a new trial on two grounds.

The first is that the verdict is against the overwhelming weight of the testimony. This ground was not much stressed in argument, and properly so, since it has been decided in so many cases that such a ground cannot be entertained by this Court in a law case except where the verdict is wholly unsupported by evidence; and, as has already been said, there was evidence upon which the verdict can be sustained.

The next ground is that, notwithstanding the request of plaintiff's attorneys, the Court erred in not submitting to the jury, under proper instructions, the issue as to whether or not plaintiff was a passenger and entitled to the degree of care required by that relation. Plaintiff's attorneys admit

that it was at their suggestion that the Court withdrew that issue from the jury, and that they asked the Court to do so, because they were very confident that the jury would find a verdict for plaintiff, and they did not want to endanger the verdict which they so confidently expected to win by insisting upon the submission to the jury of an issue about which they were in doubt as to the sufficiency of the evidence to sustain a verdict.

They now contend, however, that they had no authority to bind their client by consenting to the withdrawal of that issue from the jury, and that the Court was in error, notwithstanding their request, in failing to submit it, under proper instructions. This contention is unsound. It is certainly within the authority of an attorney employed to prosecute or defend an action to waive the submission of an issue to the jury, where he does so in good faith, believing that it is for the best interest of his client. Not only so, but in some circumstances it would be his duty to do so for the protection of the interests of his client; and where he does so in good faith his client is bound. *E parte Jones,* 47 S. C. 393, 25 S. E. 285; *Dixon v. Floyd,* 73 S. C. 202, 53 S. E. 167; *Poore v. Poore,* 105 S. C. 206, 89 S. E. 569. Indeed, it is matter of everyday practice; and in numerous cases we have held that a client may be bound even by the implied consent of his attorney, or by his silence, when it was his duty to speak; for instance, when he fails to prefer a request to charge on an important issue, or fails to call the Court's attention to an omission in the charge upon such an issue, his client is bound.

Judgment affirmed.

Messrs. Justices Fraser and Gage concur.

Mr. Chief Justice Gary and Mr. Justice Watts did not sit.