12790

WILSON v. WILSON ET AL.

(150 S. E., 897)

*Messrs. Epps & Levy,* for appellants,

*Messrs. L. D. Jennings* and *Frank A. Miller,* for respondent,

December 18, 1929.

The opinion of the Court was delivered by Mr. JUSTICE STABLER.

An appeal from an order setting aside a judgment and granting leave to the plaintiff to amend her complaint.

On August 10, 1928, this action was commenced against the executors of the estate of W. B. Wilson. The complaint contained three causes of action, only the third being involved in the appeal. This cause of action is for certain sums alleged to be owing to the plaintiff for money loaned to W. B. Wilson or paid for him at his request, and includes a hotel bill of $150, with interest, a check for $134.-20, with interest, and a loan made on December 30, 1923, "of Thirty-five Hundred ($3,500.00) Dollars, of which there is a balance of Fourteen Hundred and Fifty ($1,450.-00) Dollars due, with interest from the 15th day of April, 1927." The amount of the judgment sought was $1,879.31, with interest on $1,734.20 from October 1, 1927, at the rate of 8 per cent. per annum. The defendants denied the indebtedness.

Some time during the fall of 1928, the defendants, evidently proceeding under Section 686 of the Code of Civil Procedure, served upon the plaintiff an offer in writing to allow judgment to be taken against them for the sum of $2,041.15, with costs, "in full settlement of the third cause of action," which offer was duly accepted. Judgment for this amount was entered by the plaintiff on December 1, 1928.

A few days later plaintiff's counsel served upon defendants' counsel notice of a motion for an order relieving the plaintiff from the judgment so entered and for leave to amend the third cause of action, on the ground that "said judgment was obtained through mistake, surprise, and excusable neglect, and the proposed amendment would be in furtherance of justice." Attached to the notice was an affidavit of L. D. Jennings, attorney for the plaintiff, to the effect: "That in preparing the third cause of action it was the intention of deponent to set out in said cause of action money paid out by the plaintiff for the benefit of

W. B. Wilson and money loaned to him, with interest thereon, from the time of each respective payment and loan less the payments which had been made by W. B. Wilson to the plaintiff, with interest thereon from the time of said payments. That at the time deponent prepared said third cause of action he had before him a copy of a statement, which deponent is informed and believes, had been filed with the defendants. That in preparing said cause of action it was alleged that on December 30, 1923, the plaintiff loaned to W. B. Wilson $3,500.00, of which there was a balance of $1,450.00 due, with interest thereon from the 25th day of April, 1927; whereas the deponent should have alleged that there was interest due on the $3,500.00 from December 30, 1923, to September 1, 1926, when a payment of $1,600.00 was made, and should have alleged that there was interest due on $1,900.00 from September 1, 1926, to December 17, 1926, when a payment of $250.00 was made; and should have alleged that there was interest due on $1,650.00 from December 17, 1926, to April 25, 1927, when another payment of $200.00 was made, but deponent, in some unexplainable way to himself, neglected to so allege. That in so neglecting deponent failed to claim in said cause of action the interest on said $3,500.00 for the periods hereinabove set forth."

The affidavit goes on to say "that deponent did not discover his mistake in properly alleging the amount due the plaintiff under the third cause of action until his attention was called to same by the plaintiff by letter on the 7th day of December, 1928," and states that the error occurred through oversight, inadvertence, and neglect of the deponent. Attached to the affidavit was a copy of the statement therein referred to.

The amendment sought would conform the pleadings to the facts set forth in the affidavit, so as to allege additional interest due on the loan.

Upon hearing on the notice, his Honor, Judge Wilson, found as matter of fact that it was the intention of Mr. Jennings, in preparing the third cause of action, to include all interest which had not been paid, and that the failure to do so was due to his mistake, inadvertence, and excusable neglect, and passed an order setting aside the judgment and granting leave to the plaintiff to amend the complaint. From this order the defendants appeal.

Under our view of the case, it will not be necessary to consider all the questions argued before us. The motion was evidently made under the provisions of Section 437 of the Code of Civil Procedure, which provides: "The Court * * * may also, in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect. * * * "

The affidavit of Mr. Jennings shows that he had before him, when he prepared the complaint, a written statement—set forth in the record—covering all the items of the third cause of action. There is no dispute that this statement shows all the facts as to the $3,500.00 loan, including payments, the amount of interest due, etc.

The only explanation offered for counsel's failure to claim the amount of interest which he now contends to be due is that he, "in some unexplainable way to himself, neglected to so allege," and that the error occurred through his oversight, inadvertence, and neglect. In his argument he contends that he did not have "full knowledge of all the facts connected with the rendition of the judgment." We cannot see how one who has and acts upon a written statement of facts can fairly maintain that he is without knowledge of all the facts shown by the statement; but, if there could be and were such lack of knowledge, it would be due merely to failure to use his sense of sight. In preparing the complaint, counsel had, if not actual knowledge of all the facts,

the clearest means of correct information upon the subject—the same means, in fact, to which he subsequently resorted to obtain the information upon which he now relies to sustain his motion. In this respect the case is strikingly like *Martin v. Fowler,* 51 S. C., 164, 28 S. E., 312, 314, in which the Court said: "The allegation is that counsel for defendant was induced to admit that the plaintiffs were the duly-appointed administrators of the personal estate of Othello Martin, deceased, solely because it was so alleged in the complaint, when the means of correct information upon the subject was of easy access, to which counsel did, in fact, subsequently resort, when he obtained the information upon which he now relies to sustain this motion. Surely, this cannot properly be characterized either as mistake, inadvertence, surprise, or excusable neglect. The public records are accessible to all persons who may desire information as to what they contain, and, if a party willfully or carelessly omits to avail himself of the sources of information provided by the law, he must take the consequences of such omission."

In *Dixon v. Floyd,* 73 S. C., 202, 53 S. E., 167, 169, the Court said: "A party cannot invoke the provisions of this section when his attorney had full knowledge of all the facts connected with the rendition of the judgment and actually consented thereto, in open court, in the absence of facts showing mistake, surprise, inadvertence, or excusable neglect on the part of the attorney, which facts are not made to appear in this case. *Steele v. R. R.,* 14 S. C., 324; *Ex parte Roundtree,* 51 S. C., 405, 29 S. E., 66."

In *Blassingame v. Greenville County,* 150 S. C., 167, 147 S. E., 848, 862, the following is quoted with approval from *Murrel v. Murrel,* 2 Strob. Eq., 148, 49 Am. Dec., 664: "A party fully competent to protect himself; under no disability; advised as to all circumstances by which he may be saved in his rights; or in a situation where he might, by due diligence, be so advised; not overreached by fraud, concealment or misrepresentation, nor the victim of a mistake against

478

which prudence might (not?) have guarded; has no right to call upon Courts of justice to protect him against the consequences of his own carelessness, and to disturb the peace of society by his clamors for that justice which he has voluntarily or negligently surrendered."

But plaintiff's counsel contend that the relief should be granted, because, before the suit was brought, the defendants were in possession of the statement on which the third cause of action was based, and therefore presumably knew its contents. We do not think that this circumstance is sufficient, either taken alone or with other circumstances, to entitle him to relief under the provisions of Section 437. There is no allegation or proof of mutual mistake or fraud or any other circumstance of equitable cognizance. Any error in the preparation of the third cause of action was made in the face of knowledge within easy grasp of plaintiff's counsel, and we find nothing to support a conclusion that the judgment was taken under such circumstances as would constitute mistake, inadvertence, surprise, or excusable neglect.

The order appealed from is reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.