LORD JEFF KNITTING CO., INC., a N.J. Corp.; Manufacturer's Hanover
Commercial Corporation, a N.Y. Corp.; Jaymar-Ruby, Inc., an Indiana
Corp.; Brookfield Clothes, Inc.; Meinhard Commercial Corp., a Corp.,
Petitioners, v. Archie MILLS, and Bankers Trust of Florence, South
Carolina, Respondents, of whom: Manufacturer's Hanover Commercial
Corporation, a N.Y. Corp.; Brookfield Clothes, Inc.; and Meinhard Com-
mercial Corp., are Appellants, and Archie Mills is Respondent.

Appeal of MANUFACTURER'S HANOVER
COMMERCIAL CORPORATION.

(315 S. E. (2d) 377)

Court of Appeals

*William L. Harritt, Jr.,* of *Levi & Wittenberg,* Sumter, *for appellants.*

*Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker,* Florence, *for respondent.*

April 23, 1984.

GOOLSBY, Judge:

The appellants Manufacturer's Hanover Commercial Corporation, Brookfield Clothes, Inc., and Meinhard Commercial Corporation appeal an order vacating consent judgments they obtained against the respondent Archie Mills. The consent judgments were vacated on the ground that Mills "was not aware that personal judgments would be entered against him" when his attorney consented to their entry. We reverse and reinstate the original judgments.

Five lawsuits were filed against Mills. Mills' attorney answered the complaints in all five cases. Summary judgment was entered against Mills in two of the suits. The other three were concluded by default judgments after Mills' attorney withdrew the answers and consented to their entry. Attached to each order of default judgment was a letter from Mills' lawyer in which he advised, "I have concluded that I have no meritorious defense ... and therefore feel it's in the best interest of all concerned to consent to Judgment."

Sometime later, Mills moved to vacate each of the five judgments upon the ground of inadvertence. In support of his motion, Mills submitted an affidavit in which he affirmed that he "was never informed nor understood that any judgments would be entered against [him] personally." The trial

court granted Mills' motion as to the three default judgments but only after counsel for the appellants failed to provide the court with an affidavit from Mills' attorney that he had advised Mills "as to the legal ramifications of entering into a consent judgment." The trial court vacated the judgments without making specific findings of inadvertence and the existence of a meritorious defense to each of the actions.

The appellants assert that the trial court abused its discretion in vacating the consent judgments (1) because the evidence in support of the motion to vacate was insufficient to support a finding of inadvertence, (2) because it failed to determine whether Mills has a meritorious defense to their respective claims, and (3) because it failed to hold that Mills was bound by his attorney's acts and representations. The appellants further maintain that the trial court erred in settling the record on appeal.

In order to grant relief under Section 15-27-130, the ■ trial court must find evidence of a mistake, inadvertence, surprise, or excusable neglect and also evidence of a meritorious defense or claim. *Lee v. Peek*, 240 S. C. 203, 125 S. E. (2d) 353 (1962); *see Davis v. Lunceford*, 274 S. C. 576, 266 S. E. (2d) 73 (1980).

The consent judgments were improperly vacated for ■ two reasons. First, "[t]he order itself is inadequate in that it contains no specific finding of [inadvertence] as is required by" the Supreme Court [*Sanders v. Weeks*, 270 S. C. 214, 215, 241 S. E. (2d) 565, 566 (1978); *see also Commercial Credit Corp. v. Knight*, 272 S. C. 435, 248 S. E. (2d) 589 (1978) ] and in that it does not contain any specific finding that Mills has a meritorious defense to each action. *See Worrell v. Satterfield Construction Company, Inc.*, 269 S. C. 532, 238 S. E. (2d) 215 (1977).

Second, the reason presented by Mills as the justification ■ for vacating the consent judgments is insufficient to establish inadvertence as required by Section 15-27-130. Some courts hold that an attorney has no authority to enter into a consent judgment in favor of the opposite party without the client's knowledge or consent. *See* 7 Am. Jur. (2d) *Attorneys at Law* § 158, n. 69 at 218 (1980); 7A C.J.S. *Attorney & Client* § 200, n. 63 at 333 (1980). Other courts hold that an attorney has, merely by reason of his employment, the im-

plied or apparent authority to confess judgment in the other party's favor if he acts in good faith and without fraud or collusion. *See* 7 Am. Jur. (2d) *Attorneys at Law* § 158, n. 68 at 218 (1980); 7A C.J.S. *Attorney & Client* § 200, n. 56 at 331 (1980). The latter rule appears to be the rule in South Carolina where there is an action pending and the attorney is of record. *See Smith v. Pearson*, 210 S. C. 524, 43 S. E. (2d) 479 (1947); *Southern Railway Co. v. Swift & Co.*, 158 S. C. 307, 155 S. E. 429 (1930); *Wilson v. Wilson*, 153 S. C. 472, 150 S. E. 897 (1929); *Peterson v. Atlantic Coast Line R. Co.*, 112 S. C. 89, 98 S. E. 848 (1919); *Poore v. Poore*, 105 S. C. 206, 89 S. E. 569 (1916); *Dixon v. Floyd*, 73 S. C. 202, 53 S. E. 167 (1906); *Ex parte Jones*, 47 S. C. 393, 25 S. E. 285 (1896); *cf. Hewitt v. Darlington Phosphate Co.*, 43 S. C. 5, 20 S. E. 804 (1895), *Armstrong v. Hurst*, 39 S. C. 498, 18 S. E. 150 (1893), and *Gilliland, Howell & Co. v. Gasque*, 6 S. C. 406 (1875) (cases which hold that an attorney has no implied power to compromise where no action is pending); *cf. also Clark v. Clark*, 271 S. C. 21, 244 S. E. (2d) 743 (1978) (where an order vacating default judgment because of a misunderstanding between an attorney and client was reversed on the ground that the client was bound by the acts of her attorney).

> So, if the attorney has apparent authority to confess, or consent to, judgment, it is ordinarily binding and conclusive on the client, notwithstanding an actual lack of authority unknown to the court or the opposing party, the sole remedy in such a case being against the attorney. . . .

7A C.J.S. *Attorney & Client* § 200 at 332 (1980); *see Poore v. Poore*, 105 S. C. at 212, 89 S. E. 569.

Even assuming, then, that Mills was never advised by his attorney and never understood that the judgments would be entered against him individually, Mills is nonetheless bound by the acts of his attorney. Since there was neither an allegation nor proof of either fraud or collusion and since the actions were pending before the court and were concluded by Mills' attorney of record, it was error for the trial court to set the judgments aside. *See Bielby v. Allender*, 330 Mich. 12, 46 N. W. (2d) 445 (1951).

We need not determine the issue concerning the appellants' appeal from the order settling the record. Accordingly, the judgment below is

Reversed.

GARDNER and CURETON, JJ., concur.