0164

David Marvin ARNOLD, Respondent, v. Tommy YARBOROUGH, Appellant.
(316 S. E. (2d) 416)

Court of Appeals

*Robert L. Kilgo*, Darlington, *for appellant.*

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for respondent.*

Heard March 28, 1984.

Decided April 30, 1984.

SANDERS, Chief Judge:

Respondent David Marvin Arnold brought a tort action against appellant Tommy Yarborough. By an exchange of letters the attorneys for these parties agreed to a settlement of the case on behalf of their respective clients. Yarborough then refused to carry out the terms of the settlement and Arnold moved to compel and enforce it. A hearing was held on the motion, at which Arnold introduced into evidence the letters exchanged between the attorneys. Yarborough testified he never authorized his attorney to settle the case on the terms provided by these letters. The trial judge entered judgment in favor of Arnold as per the settlement agreed upon by the attorneys, holding Yarborough was bound by the act of his attorney and the question of whether the attorney was actually authorized to settle the case on those terms was irrelevant. We affirm.

I.

Yarborough first argues the court erred in entering judgment against him because he never received copies of the letters exchanged between the attorneys and never gave his attorney the authority to settle the case on the terms reached. We reject this argument.

It is undisputed that Yarborough's attorney was representing him and acting on his behalf when he agreed to the terms of settlement. Acts of an attorney are directly attributable to and binding upon the client. *Clark v. Clark*, 271 S. C. 21, 244 S. E. (2d) 743 (1978). Absent fraud or mistake, where attorneys of record for a party agree to settle a case, the party cannot later repudiate the settlement. *Poore v. Poore*, 105 S. C. 206, 89 S. E. 569 (1916). *Cf. Wilson v. N. E. Isaacson of Georgia, Inc.*, 139 Ga. App. 582, 229 S. E. (2d) 29 (1976) (absent fraud, agreement by an attorney to dismiss pending case held binding on client even though client did not know of agreement); *Lennon v. Aeck Associates, Inc.*, 157 Ga. App. 294, 277 S. E. (2d) 289 (1981) (agreement to settle by exchange of letters between attorneys held binding where court relied on Georgia statute containing provisions comparable to South Carolina Circuit Court Rule 14).

In *Ex parte Jones*, 47 S. C. 393, 25 S. E. 285 (1896), Jones sought relief from a judgment in foreclosure on the ground his attorney was mistaken as to the amount of liens upon the property and the price the property would bring. Our Supreme Court held there is a vast distinction between the acts of an attorney within his general authority in a matter not in court and his acts during the conduct and progress of a suit in court. There, the court stated:

> ... the employment of an attorney in a particular suit implies his client's assent that he may do everything which the court may approve in the progress of the cause. Upon this distinction in a large measure rest the certainty, verity, and finality of every judgment of a court. Litigants must necessarily be held bound by the acts of their attorneys in the conduct of a cause in court, in the absence, of course, of fraud. *Id.* at 397, 25 S. E. at 286.

*Ex parte Jones* is clearly applicable in the instant case where an action was pending in court. *Cf. Manufacturer's Hanover v. Mills*, — S. C. —, 315 S. E. (2d) 377 (1984) (attorney has implied or apparent authority to confess judgment in the other party's favor where there is an action pending and the attorney is of record).

For these reasons, we hold the trial judge was correct in ruling Yarborough was bound by the terms of settlement agreed to by his attorney.

## II.

Yarborough next argues the trial judge erred in basing his findings on the letters exchanged between the attorneys when his attorney was present but not called to testify. In support of his argument, he cites several cases holding generally that where a party fails to produce testimony of a material witness, it may be inferred such testimony would be adverse to him. *Nelson v. Coleman Company,* 249 S. C. 652, 155 S. E. (2d) 917 (1967); *Johnson v. Windham,* 224 S. C. 502, 80 S. E. (2d) 234 (1954); *Greenwood Mfg. Co. v. Worley,* 222 S. C. 156, 71 S. E. (2d) 889 (1952).

We reject this argument for three reasons.

First, this question was not raised before the trial judge. An issue ordinarily may not be raised for the first time on appeal. *South Carolina Law Enforcement Division v. The "Michael and Lance," —* S. C. —, 315 S. E. (2d) 171 (1984), citing *Rosamond Enterprises, Inc. v. McGranahan,* 278 S. C. 512, 299 S. E. (2d) 337 (1983).

Secondly, at the hearing before the trial judge, the parties stipulated that if Yarborough's attorney were called, he would have testified that "the letters speak for themselves." As previously discussed, the trial judge correctly held Yarborough was bound by the agreement of his attorney as evidenced by these letters, without regard to whether the attorney was actually authorized to settle the case on the specified terms.

Thirdly, the principle of law relied on by Yarborough applies only where the witness not called to testify is within the particular control of the party against whom the principle is invoked. *See Duckworth v. First National Bank,* 254 S. C. 563, 176 S. E. (2d) 297 (1970). It would not apply against Arnold under the facts here where the witness in question was Yarborough's own attorney. If anything, the trial judge could have drawn an adverse inference against Yarborough for failing to call his own attorney, in view of his position that the attorney proceeded without his authority.

Accordingly, the judgment of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.