18172

James S. IRICK, Respondent, v. A. C. CARR, d/b/a Air Base Trailer
Court and Sales, Appellant

(135 S. E. (2d) 94)

*Arthur C. Baker, Esq.,* of Charleston, *for Appellant,*

*Messrs. O. A. Manucy* and *C. M. Benedict, III,* of Charleston, *for Respondent,*

February 27, 1964.

Lewis, Justice.

The sole issue in this appeal is whether the lower court abused its discretion in refusing to allow the defendant, after he was in default, to file an answer to the complaint.

This action was brought in the County Court of Charleston County and the summons and complaint were served on the defendant on May 18, 1963. He did not answer the complaint, or otherwise plead thereto, within the twenty-day period prescribed by Section 10-641 of the 1962 Code of Laws, and an order adjudging the defendant in default was issued on June 8, 1963. Upon being informed by counsel for the plaintiff on June 18, 1963, that the case would be tried on the following day, the defendant for the first time contacted and employed counsel to represent him in the matter. A motion was then made by the defendant for an order (1) vacating the previous adjudication that he was in default and (2) permitting him to file an answer to the complaint.

In support of his motion, the defendant filed affidavits in which he alleged that his default was due to his excusable neglect. He stated that he returned from the State of Mississippi to his home in Charleston, South Carolina, on May 15 or 16, 1963, from a five-day visit with his mother who was desperately ill; and that the summons and complaint were served upon him on May 18, 1963, "at a time

when he was tired, emotionally upset, and bothered with numerous pressing business problems as a result of his absence from his business." He further stated that he had no legal training and was unaware at the time of the service of the papers of the necessity to answer or plead within the prescribed time. In substance, the defendant said that his failure to take action in response to the summons and complaint was due to an oversight brought about by his lack of legal training, concern over the illness of his mother, and his many pressing business problems.

A motion to be relieved of a failure to plead within the time required by law is addressed to the sound discretion of the trial court whose decision will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391.

While a wide discretion is vested in courts to relieve from default, it is settled that, to entitle the defendant to relief from his failure to timely plead, he must show as the first prerequisite that his default was due to his excusable neglect or fault. Sections 10-609 and 10-1213 of the 1962 Code of Laws; *Lee v. Peek,* 240 S. C. 203, 125 S. E. (2d) 353.

The lower court, in the exercise of its discretion, held that the showing made by the defendant was insufficient to warrant granting the relief sought. In summarizing its conclusions, the court stated: "In the instant case, a complaint was served which set forth details concerning the position of the plaintiff and the contentions he made against the defendant. The defendant admitted that the papers were personally served on him and he knew the nature of the action, was a business man, evidently literate, and did absolutely nothing with the papers until after June 17, 1963. His affidavit shows neglect, willful neglect on his part, and no excuse can be shown or found legally to excuse this neglect."

Under the foregoing facts, we find no abuse of discretion on the part of the lower court in refusing the motion of the defendant. *Brown v. Nix,* 208 S. C. 230, 37 S. E. (2d) 579.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.