19046

Willie LIVINGSTON, Respondent, v. SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant

(174 S. E. (2d) 163)

*H. E. McCaskill, Esq.,* of Conway, *for Appellant,*

*Messrs. Rankin & Johnson,* of Conway, *for Respondent,*

May 4, 1970.

Moss, Chief Justice.

Willie Livingston, the respondent herein, instituted this action against South Carolina Farm Bureau Mutual Insurance Company, the appellant herein, to recover benefits under a crop-hail insurance policy issued by it. The summons and complaint were served on the appellant on January 31, 1968, by delivery thereof to the Insurance Commissioner, pursuant to Section 37-105 of the Code. The Insurance Commissioner, on the same day, notified the appellant of such service and forwarded to it the summons and complaint. The appellant did not answer the complaint, or otherwise plead thereto, within the twenty day period prescribed by Section 10-641 of the Code.

The summons and complaint were delivered to the attorney for the appellant on February 26, 1968, with instructions that the complaint be answered and the case defended. The attorney for the appellant, upon receipt of the summons and complaint, communicated with counsel for the respondent, requesting an extension of time within which to answer or plead, and such was refused. Thereafter, prior to the taking of a default judgment, a motion was made by the appellant for an order permitting it to file an answer to the complaint on the ground of excusable neglect, asserting that it had a meritorious defense. In an affidavit made by an agent of the appellant, it is admitted that the service of the summons and complaint in this action was made on January 31,

1968, but such did not come to his attention until February 24, 1968, and he then placed the suit papers in the hands of the attorney for the appellant on February 26, 1968. This agent further stated in his affidavit that an investigation had been made in the Columbia office to determine why the suit papers were not brought to his attention until after the time for pleading had expired, and the explanation was that "The said papers came into the hands of a clerk in the said office who did not understand their significance and the necessity for their having prompt attention."

The motion was heard before The Honorable Claude M. Epps, Presiding Judge of the Civil and Criminal Court of Horry County and, thereafter, he entered an order refusing the motion on the ground that the appellant had failed to show excusable neglect or fault.

The sole question for determination in this appeal is whether the lower court abused its discretion in refusing to allow the appellant, after it was in default, to file an answer to the complaint, pursuant to Section 10-609 of the Code, which provides that:

"The court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code or by an order enlarge such time."

A motion to be relieved of a failure to plead within the time required by law is addressed to the sound discretion of the trial court whose decisions will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. While a wide discretion is vested in courts to relieve from default, it is settled that, to entitle the defendant to relief from his failure to timely plead, he must show as the first prerequisite that his default was due to his excusable neglect or fault. *Irick v. Carr,* 243 S. C. 565, 135 S. E. (2d) 94.

It is our conclusion that the lower court did not abuse its discretion in refusing the motion of the appellant for leave to plead in this case because it

had not shown excusable neglect or fault. The showing of neglect without a proper excuse is insufficient under Section 10-609 of the Code. We quote again what was said in *Morgan v. State Farm Mutual Ins. Co.,* 229 S. C. 44, 91 S. E. (2d) 723, "Neglect is shown, but no excuse for it."

It is true that the appellant had employed counsel to represent it prior to the institution of the action, but we think it appropriate to state that such counsel is in nowise to be blamed for the neglect of the appellant in this case.

We find no abuse of discretion on the part of the lower court in refusing the motion of the appellant.

The judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.