19635

Tommy Ronnie SCRUGGS, Respondent, v. The BALLENGER COR-
PORATION, doing business as Highway Surfacing Company,
Appellant.

(197 S. E. (2d) 91)

*J. D. Todd, Jr., Esq.,* of *Leatherwood, Walker, Todd &
Mann,* Greenville, *for Appellant,*

*Thomas W. Whiteside, Esq.,* of *Whiteside, Smith & Taylor,* Spartanburg, *for Respondent,*

June 7, 1973.

BRAILSFORD, Justice:

The sole issue on this appeal is whether the circuit judge committed reversible error in refusing defendant's motion to be allowed to file an answer after it was in default. Default occurred while the unattended Summons and Complaint were in the hands of defendant's insurance carrier, to which they had been mailed on June 14, 1972, the day of service upon the defendant. There is no suggestion that the papers were not received at the insurer's Charlotte office in due course of mail. No account is given of their disposition from their arrival, presumably on June 15, until July 19, 1972. On this date, according to the showing made in support of defendant's motion, the Summons and Complaint, together with a forwarding form and an envelope postmarked at Greenville, South Carolina, June 14, 1972, were discovered by the insurer's claims manager while going through some "administrative correspondence." No reason for the neglect to attend to the lawsuit is given, except that the papers were mishandled, which, the claims manager deposes, might have been because he was on vacation on June 16 (commencement and duration of absence unspecified), or because of a number of recent personnel

changes in the office. The circuit judge, in whose discretion the decision rested, concluded that the insurer, to whom the matter had been entrusted, had offered "no reasonable explanation for the default." Requisite abuse of discretion in reaching this dispositive conclusion, *Irick v. Carr*, 243 S. C. 565, 135 S. E. (2d) 94 (1964), has not been shown.

We find no merit in defendant's further exception based upon an incidental reference in the order appealed from to an aspect of the insurer's office procedure. Since this reference was not the ground of decision, we need not inquire whether, as defendant asserts, it lacked evidentiary support.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.