## 19879

C. H. HEDGEPATH, as Administrator of Estate of Bessie C. Hedgepath, Appellant, v. South Carolina STATE HIGHWAY DEPARTMENT, Respondent.

(207 S. E. (2d) 820)

*Furman R. Gressette, Esq.,* of St. Matthews, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.* and *Donald V. Myers, Asst. Atty. Gen.,* of Columbia, *for Respondent,*

August 14, 1974.

BRAILSFORD, Justice:

In this wrongful death action, the defendant, South Carolina State Highway Department, having failed to answer or otherwise respond to the summons and

complaint within twenty days after service, moved to be relieved of its default pursuant to Section 10-609, Code of 1962, which provides, *inter alia,* that the court may in its discretion allow an answer to be made after the time limited by the Code. Plaintiff appeals from an order permitting defendant to answer.

The motion was supported by the certificate of the Deputy Attorney General in charge of the department's litigation that he believed it had a meritorious defense and by his affidavit that upon receipt by the Attorney General's office the summons and complaint had been placed by an inexperienced stenographer on his desk "in the middle of a stack of eminent domain files on which deponent was working . . . and that the subject file did not come to deponent's attention until time for responsive pleading had expired."

Plaintiff resisted the motion on the ground that the showing made was insufficient to establish excusable neglect. The court construed the applicable statutes to require a showing of excusable neglect when relief from a default order or judgment is sought under Section 10-1213, but not so where, as here, permission to file a delayed answer is sought under Section 10-609. Thus, construing the two Code Sections, the court granted the motion, stating, "While the showing here made may not be sufficient to support reopening a Judgment under Section 10-1213, it is clear that it is sufficient for this Court, in its discretion, to permit the filing of a delayed Answer under Section 10-609, which is the Section applicable to the facts in this case."

In adopting this construction of the statutes, the court followed the rationale of the opinion of Mr. Justice Bussey in *Lee v. Peek,* 240 S. C. 203, 125 S. E. (2d) 353 (1962). However, the opinion of Mr. Justice Lewis, which by the concurrence of the other Justices, became the prevailing opinion in that case, expressly held that a showing of excusable neglect is a condition precedent to relief under Section 10-609. In the words of the opinion, "The showing of neglect without a proper excuse is insufficient under both

Section 10-609 and 10-1213." 240 S. C. at 214, 125 S. E. (2d) at 358. Our later decisions have adhered to the construction of the statute settled by the prevailing opinion in *Lee. Irick v. Carr,* 243 S. C. 565, 135 S. E. (2d) 94 (1964); *Livingston v. S. C. Farm Bureau Mut. Ins. Co.,* 254 S. C. 161, 174 S. E. (2d) 163 (1970); *Scruggs v. Ballenger Corporation,* 260 S. C. 509, 197 S. E. (2d) 91 (1973).

The court erred in permitting defendant to answer the complaint without having found that its default was the result of excusable neglect. Since reversal on this ground is not an adjudication of the merits of the Department's motion, upon remand, the motion may be renewed in the circuit court.

Reversed and remanded.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.

Lewis, Justice (concurring):

I agree that the judgment must be reversed. Since the lower court and respondent erroneously proceeded on the theory that it was not necessary to show excusable neglect, I concur in the view that respondent should be allowed on remand to show, if it can, that the default was due to excusable neglect.