20530

Richard Eugene WORRELL, Appellant, v. SATTERFIELD CON-
STRUCTION COMPANY, INC., of South Carolina, Dickerson
Incorporated, Marlboro Construction Company, Inc., and South
Carolina State Highway Department, of which Satterfield Construc-
tion Company, Inc., is, Respondent.

(238 S. E. (2d) 215)

*C. R. Pusser, Jr.,* of Chesterfield, *for Appellant,*

*Robert L. Kilgo,* of Darlington, *for Respondent Satterfield Construction Company, Inc.,*

October 18, 1977.

GREGORY, Justice.

In this negligence action by Richard Eugene Worrell for personal injuries, Satterfield Construction Company, Inc., having failed to answer or otherwise plead to the summons and complaint within twenty days after service, moved for an order extending the time to file and serve its answer pursuant to Section 15-13-90 of the Code of Laws of South Carolina, 1976, which provides that the court may, in its discretion, allow an answer after the time limited by the Code.

Appellant Worrell, having filed an affidavit of default, moved for an order of default judgment pursuant to Section 15-35-310, 1976 Code and for a reference to determine damages pursuant to Section 15-35-320, 1976 Code.

This appeal is from the order of the circuit court permitting Satterfield to answer, and inferentially denying Worrell's motion for judgment by default and for reference.

Satterfield's motion for the order to extend the time to answer was on the ground that its counsel had been misled by opposing counsel. The motion was supported by counsel's affidavit detailing his actions and certifying his belief that Satterfield had a meritorious defense.

Worrell resisted Satterfield's motion on the ground that the showing was insufficient to establish excusable neglect or a meritorious defense.

As a condition precedent for relief under Section 15-13-90 a party must show that his failure to timely answer was (1) the result of excusable neglect and (2) a meritorious defense to the suit exists. This construction of Section 15-13-90 was firmly established in *Lee v. Peek*, 240 S. C. 203, 125 S. E. (2d) 353 (1962), by the prevailing opinion of Associate Justice, now Chief Justice Lewis, which, after stating the record shows a meritorious defense to the action, held that a showing of neglect without a proper excuse was insufficient under Section 15-13-90 to permit the filing of a delayed answer.

In *Peek* this Court laid to rest the mistaken belief that less showing was necessary to permit the filing of a delayed answer under Section 15-13-90 than to reopen a judgment under Section 15-27-130, 1976 Code. The required showing for relief before a default order or judgment under Section 15-13-90 is precisely the same as for relief after a default order or judgment under Section 15-27-130.

Subsequent opinions adhering to this construction of the statute are *Irick v. Carr*, 243 S. C. 565, 135 S. E. (2d) 94 (1964); *Livingston v. S. C. Farm Bureau Mutual Insurance Company*, 254 S. C. 161, 174 S. E. (2d) 163 (1970); *Scruggs v. Ballenger Corporation*, 260 S. C. 509, 197 S. E. (2d) 91 (1973) and *Hedgepath v. South Carolina State Highway Department*, 263 S. C. 98, 207 S. E. (2d) 820 (1974).

The order of the circuit judge provides, "after hearing arguments of counsel for the parties and upon a review of the matters presented it is my opinion that the motion should be granted."

The reason for granting the motion was not disclosed in the order. We do not know whether the trial judge erron-

eously proceeded on the theory that it was not necessary to show excusable neglect and a meritorious defense or whether he made a finding and simply failed to recite it in his brief order.

We remand for the circuit judge to make a finding as to whether or not Satterfield's default was due to excusable neglect and whether a meritorious defense exists. Both parties may supplement the record if they desire, to facilitate the judge's determination of this matter.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.