20604

Hazel SANDERS, Appellant, v. Abraham WEEKS d/b/a Abe Landscaping, Respondent.

(241 S. E. (2d) 565)

*Samuel J. Abrams* and *Henry B. Richardson, Jr.*, of Sumter, *for Appellant,*

*David F. McInnis,* of Sumter, *for Respondent.*

February 13, 1978.

*Per Curiam:*

This appeal is from an order vacating a previous order of default judgment and returning the case to the trial docket. We reverse and reinstate the original judgment.

The trial judge signed a default judgment in favor of appellant against respondent for $14,315.00 actual damages, and subsequently granted respondent's motion to have the cause reopened pursuant to Section 15-27-130 of the Code of Laws of South Carolina.

The order reinstating the case states, in part:

"The (Respondent's) attorney testified under oath that the (Respondent) had been diligent in every way, that the failure to answer was caused by his inexperienced personnel, his secretary of longstanding having left his office, and further because he, the (Respondent's) attorney, was involved in the business of the South Carolina Legislature."

The case was improperly reopened for several reasons. The order itself is inadequate in that it contains no specific finding of excusable neglect as is required by this Court. See *Worrell v. Satterfield Construction Co., Inc. of South Carolina,* 238 S. E. (2d) 215 (S. C. 1977). Additionally, the

reasons presented by respondent for his failure to answer are insufficient to establish the degree of excusable neglect required by Code Section 15-27-130. *Hedgepath v. S. C. State Highway Department,* 263 S. C. 98, 207 S. E. (2d) 820 (1974).

Moreover, there is no showing of a meritorious defense necessary for relief under Code Section 15-27-130. *Rajcich v. Rajcich,* 256 S. C. 121, 181 S. E. (2d) 11 (1971).

We conclude respondent was not entitled to relief pursuant to Code Section 15-27-130. The original order of default judgment is hereby reinstated.

Reversed.