20802

COMMERCIAL CREDIT CORPORATION, Appllant, v. John B. KNIGHT and Sylvia Knight, Respondents.

(248 S. E. (2d) 589)

October 31, 1978.

Ness, Justice:

This appeal is from an order permitting respondents Knight to answer and denying appellant's motion for default judgment. We reverse.

A claim and delivery action was instituted by appellant Commercial Credit Corporation by service of a verified summons and complaint on June 24, 1977. Respondents did not serve an answer within twenty days after service, but contacted appellant's attorney who responded by letter quoting an amount appellant would accept to bring the accounts current provided payment was tendered by July 19th. Respondents neither tendered payment nor answered the complaint by that date.

Thereafter, appellant Commercial Credit Corporation refused to accept any part payment. Only then did respondents consult legal counsel, and by motion of August 9th, moved for an order permitting them to answer or otherwise plead. There was no affidavits attached to the motion, although a certificate of meritorious defense was included.

On August 14, 1977, appellant made a motion for default judgment. At the hearing, respondents presented no affidavits or other supporting documents. The trial judge, however, issued an order allowing respondents to answer or otherwise plead and denying appellant's motion for default judgment.

The trial judge was in error. In *Lee v. Peek*, 240 S. C. 203, 125 S. E. (2d) 353 (1962), this Court laid to rest the mistaken belief that less showing was necessary to permit the filing of a delayed answer under Code Section 15-13-90 (1976) than to reopen a judgment under Code Section 15-27-130 (1976). The required show-

ing for relief *before* a default order or judgment is precisely the same as for relief *after* a default other or judgment.

The trial judge apparently concluded that the letter from appellant's counsel extending the time for payment also extended the time for answering. There is nothing in the record to support this construction.. Even assuming that the court was correct in construing appellant's offer and compromise as an extension of the deadline for answering until July 19th, respondents let this deadline pass without answering, and did not even obtain counsel until August.

Apart from committing an abuse of discretion in permitting respondents time to answer, the trial judge's order does not comport with established standards as it fails to contain a specific finding of excusable neglect by respondents. In the recent case of *Worrell v. Satterfield Construction Company, Inc.,* 269 S. C. 532, 238 S. E. (2d) 215 (1977), we held an order inadequate which contained no specific finding of excusable neglect. This view was reiterated in *Sanders v. Weeks,* S. C., 241 S. E. (2d) 565 (1978).

The trial judge erred in allowing respondents time to answer. We reverse and direct entry of default judgment for appellant.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.