### 21214

William Paul DAVIS, Plaintiff-Respondent, v. Emmett M. LUNCE-FORD, Jr., M.D., Defendant-Appellant. William Paul DAVIS, Plaintiff-Appellant, v. Emmett M. LUNCEFORD, Jr., M.D., Defendant-Respondent.

(266 S. E. (2d) 73)

*Francis T. Draine,* of *Draine & McLaren,* Columbia, *for plaintiff-respondent.*

*Charles E. Carpenter, Jr.* and *Donald V. Richardson, III, Richardson, Plowden, Grier & Howser,* Columbia, *for defendant-appellant.*

May 1, 1980.

LEWIS, Chief Justice:

This action was instituted by service of a summons, without a complaint. The question to be decided is whether the lower court erred in refusing to dismiss the summons for failure, after demand, to timely serve the complaint.

Section 15-13-230, S. C. Code of Laws, 1976, permits the service of a summons without a complaint, but requires that the complaint be served upon demand. This section states:

A copy of the complaint need not be served with the summons . . . .. But if a copy of the complaint be not so served the summons must state where the complaint is or will be filed, and if the defendant, within twenty days thereafter, causes notice of appearance to be given and, . . ., demands in writing a copy of the complaint, specifying the place within the State where it may be served, a copy thereof must within twenty days thereafter be served accordingly.

The summons without a complaint was served on defendant (appellant) on July 31, 1978. Appellant's counsel, on August 14, 1978, in accordance with the foregoing statute, served on plaintiff (respondent) a written demand that a copy of the complaint be served on him. A copy of the complaint was not served, as demanded, and appellant's counsel, on February 28, 1979, again served a demand for a copy of the complaint. Respondent failed to comply with the second demand and a third request for a copy of the complaint was made on March 12, 1979, the last two requests stating that a motion to dismiss the summons would be made unless the complaint was served within ten days. The third request was also ignored.

After three demands for the service of a copy of the complaint were ignored by respondent's counsel, appellant, on March 23, 1979, moved to dismiss the summons, among other grounds, for failure to serve the complaint as demanded and failure to prosecute the action.

Respondent's counsel finally delivered a copy of the complaint to appellant's attorney on April 19, 1979, just prior to the hearing of the motion to dismiss and approximately eight (8) months from the first demand for a copy.

After a hearing, the trial judge refused the motion to dismiss the summons, mainly, because the statute of limitations will now bar the institution of another action. The following from the order under appeal indicates the basis for the refusal to dismiss the summons:

In considering that the plaintiff's claim arose during his minority, the complexity of the claim, and the dismissal with prejudice, the court finds that it would be manifestly unjust to dismiss the plaintiff's [respondent's] claim. The court also finds that a protective order would best serve the interests of the defendant [appellant].

Apparently, in order to give additional time to appellant to prepare his defense, the trial judge directed that the case not be placed upon the trial calendar until at least six (6) months expired from the date of this order.

The above quoted provisions of Section 15-13-230 state that, where the defendant demands in writing a copy of the complaint, "a copy thereof *must* within twenty days thereafter be served accordingly." (Emphasis added.)

Respondent's counsel apparently ignored every demand for a copy of the complaint, until he was finally served with the motion to dismiss the summons. The requirement that service of the complaint be made within twenty (20) days after demand is mandatory under Section 15-13-230 and, unless such time limitation may be extended, the trial judge should have dismissed the summons for failure to timely serve the complaint.

Authority to extend time limitations in certain cases is provided by Code Section 15-13-90. This section states:

The court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or *other act* to be done after the time limited by this Code or by an order enlarge such time. (Emphasis added.)

The broad language of Section 15-13-90, granting authority to the court, in its discretion, to allow any "other act to be done after the time limited by this Code," is properly construed to include the authority to extend time in which to serve the complaint under Section 15-13-230.

Therefore, default in the service of the complaint in this case must be excused, if at all, under the quoted provisions of Section 15-13-90. It is settled that, in order to be entitled to relief under that Section, excusable neglect and a meritorious defense or claim must be shown. *Lee v. Peek,* 240 S. C. 203, 125 S. E. (2d) 353; *Worrell v. Satterfield Construction Co., Inc.,* 269 S. C. 532, 238 S. E. (2d) 215; *Commercial Credit Corporation v. Knight,* 272 S. C. 435, 248 S. E. (2d) 589.

The order of the lower court contains no findings as to whether excusable neglect and a meritorious claim existed. Apparently the motion to dismiss was not considered in the light of the necessity to make these essential determinations.

In view of the important considerations involved in the seeming persistent failure to serve the complaint over a period of approximately eight months after demand and the failure to consider the issue of excusable neglect, we think that the matter should be remanded for the purpose of a *de novo* hearing and determination.

The judgment is accordingly reversed and the cause remanded for a rehearing and determination of the motion to dismiss the summons in the light of the views expressed herein.

Reversed and remanded.

LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.

NESS, J., dissents.

NESS, Justice, dissenting:

Failing to see the justification for remanding this case to the trial court, I dissent.

Section 15-13-230, Code of Laws of South Carolina (1976), requires service of the complaint within twenty days of a request therefor. Counsel for appellant made *three* un-

answered requests for the complaint over a *seven* month period before he moved to have the case dismissed. The majority would remand to determine whether or not the respondent is entitled to relief on the basis of § 15-13-90. I disagree.

There are two pre-requisites for relief under Code § 15-13-90: (1) excusable neglect; and (2) a meritorious claim or defense. *Commercial Credit Corporation v. Knight*, 272 S. C. 435, 248 S. E. (2d) 589 (1978); *Lee v. Peek*, 240 S. C. 203, 125 S. E. (2d) 353 (1962). Counsel for respondent's only reasons for failing to serve the complaint until the morning of the hearing on the motion to dismiss were inexperience and the complexity of medical malpractice actions. These excuses are wholly insufficient to justify reopening a default judgment, see 12 S. C. Digest, Judgment, Key No. 143 (West 1952), and I believe they are equally insufficient to justify extending the time for serving the complaint. *E. g., Solomon v. Perkins*, 52 A. D. (2d) 753, 382 N. Y. S. (2d) 208 (1976); *O'Halloran v. Eller*, 43 A. D. (2d) 955, 352 N. Y. S. (2d) 216 (1974); *Wilkening v. Fogarty*, 338 N. Y. S. (2d) 985, 40 A. D. (2d) 1031 (1972). I would reverse and dismiss.