21251

F. H. GILLESPIE, Appellant, v. James H. ROWE, Jr., Respondent.

(267 S. E. (2d) 535)

*Randolph W. Hunter, of Ashmore, Stilwell & Hunter,* Greenville, *for appellant.*

*Mark C. Tanenbaum, of Gibbs, Gaillard, Rowell & Tanenbaum,* Charleston, *for respondent.*

June 17, 1980.

*Per Curiam:*

Appellant F. H. Gillespie appeals from the order of the lower court opening the time for respondent James H. Rowe, Jr., to answer pursuant to Section 15-13-90, S. C. Code Ann. (1976). We reverse.

Gillespie brought this action in contract for monetary damages on a liquidated claim. Rowe was served on October 20, 1978. Counsel for defendant subsequently telephoned counsel for plaintiff seeking an extension of time to answer. Counsel for plaintiff alleges he granted a twenty day extension. Counsel for defendant contends the extension was until the end of November. Counsel for defendant did not adhere to Circuit Court Rule 14 which requires such agreements be reduced to writing. On November 30th, counsel for defendant again sought an extension. On this occasion he spoke only with counsel for plaintiff's receptionist, telling her he hoped to have an answer by December 8th. Counsel for plaintiff never received the message and, therefore, never granted an extension. Again, counsel for defendant failed to comply with Circuit Court Rule 14. Counsel for plaintiff received the answer and counterclaim on December 11th but returned them the same day.

Counsel for plaintiff made a motion for judgment by default which was heard February 23, 1979. Counsel for defendant apparently simultaneously moved for leave to meritorious defense to the cause as required by Circuit Court Rule 19. The lower court ruled that there existed excusable neglect since there was confusion surrounding the telephone conversations. The court did not rule on a meritorious defense. *See Worrell v. Satterfield Construction Company,* 269 S. C. 532, 238 S. E. (2d) 215 (1977). Nonetheless, the court allowed Rowe to answer. Gillespie appealed.

By order of this court dated August 28, 1979, the cause was remanded for the trial judge to address the issue of a meritorious defense. Meanwhile, by order of this court, new counsel was substituted for the defendant. Counsel for defendant, as substituted, then produced a certificate or affidavit of meritorious defenses in compliance with Circuit Court Rule 19. The lower court found that a *prima facie* meritorious defense had been shown.

Neglect is shown but no excuse for it. It is clear that the alleged extensions do not comply with Circuit Court Rule 14.

No excuse is offered why the rule was not complied with and no reason whatsoever appears why counsel for defendant needed fifty-two days to answer a simple contract claim complaint. Any confusion surrounding the telephone conversation resulted because counsel for defendant chose not to comply with Circuit Court Rule 14.

Reversed.