21446

Hampton M. METTS, Appellant, v. Earl J. CARMACK and Margaret C. Carmack d/b/a E. J.'s Cash and Carry, Respondents.

(278 S. E. (2d) 333)

*D. Nathan Davis,* Columbia, *for appellant.*

*Walter G. Metcalfe,* Cayce, *for respondents.*

May 12, 1981.

*Per Curiam:*

Appellant Metts brought action against the respondents Carmacks on a note and for monies otherwise due. The summons without a complaint was served on October 3, 1979. Counsel for Metts granted counsel for the Carmacks a general extension on October 5. Nothing further transpired until January 10, 1980, when counsel for the Carmacks was served the complaint. On January 22, 1980, substituted counsel for the Carmacks sent counsel for Metts a letter advising that he was now counsel of record and requesting an extension of time to answer. The request was in the form of a postcard to be returned if approved. The card was never honored. Thereafter on March 4, 1980, appellant was granted a default against respondents with a judgment hearing to be set for a later date.

Respondents moved for and were granted an opening of the default pursuant to Section 15-27-130, Code of Laws of South Carolina. The trial judge made no required specific findings of excusable neglect or of a meritorious defense. *Integon Life Insurance Corporation v. Business Futures Planning Corporation, S. C.,* 266 S. E. (2d) 81 (1980). We have nonetheless examined the record but have found nothing which would support a finding of excusable neglect. Counsel for the defense requested an extension on January 22, twelve days into the period allowed for answering. The request was not granted and even if it were it would not be binding absent compliance with Circuit Court Rule 14. *Gillespie v. Rowe, S. C.,* 267 S. E. (2d) 535 (1980). No reason appears which would excuse the failure to timely answer. The trial judge's action is not supported by the record and we reverse.

Reversed.