0013

William Paul DAVIS, Appellant, v. Emmett M. LUNCEFORD, Jr., M.D., Respondent.

(309 S. E. (2d) 791)

Court of Appeals

*Francis T. Draine* of *Draine & McLaren,* Columbia, *for appellant.*

*Charles E. Carpenter, Jr.,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

Dec. 5, 1983.

CURETON, Judge:

The issue in this medical malpractice action is whether the circuit judge erred in dismissing with prejudice appellant Davis's summons, without complaint, for failure to timely serve the complaint. We affirm the judgment of dismissal, and remand the action for the entry of an order of dismissal without prejudice.

The medical treatment giving rise to appellant's allegation of malpractice against respondent occurred over the period December 14, 1972 to January 10, 1973. The summons without a complaint was served on respondent on July 31, 1978. Respondent's counsel demanded service of a copy of the complaint on August 16, 1978, in accordance with § 15-13-230, S. C. Code of Laws, 1976:

> A copy of the complaint need not be served with the summons. . . . But if a copy of the complaint be not so served . . . and if the defendant, within twenty days thereafter, . . . , demands in writing a copy of the complaint, . . . , a copy thereof must within twenty days thereafter be served accordingly.

Appellant ignored respondent's initial demand for service of the complaint. Thereafter, two additional demands by respondent's counsel for service of a copy of the complaint were made on February 28, 1979 and March 12, 1979. After these additional demands were ignored, respondent's counsel moved to dismiss the summons on March 23, 1979 for failure of appellant to serve a copy of the complaint and for failure to prosecute the action.

Appellant finally delivered a copy of the complaint to respondent's counsel on April 19, 1979, the day of the hearing on the motion to dismiss, and approximately eight (8) months after the first demand was made.

The trial judge denied the motion to dismiss the summons finding "it would be manifestly unjust to dismiss the plaintiff's claim." On appeal to the South Carolina Supreme Court, the judgment was reversed and the case remanded for appropriate findings of fact on the existence of excusable neglect and a meritorious claim. *Davis v. Lunceford,* 274 S. C. 576, 266 S. E. (2d) 73 (1980).

At the hearing following remand, the trial court dismissed the summons with prejudice. The judge found that appellant failed to establish excusable neglect in the preparation and

service of the complaint and, although the claim was meritorious, it lost its meritorious character prior to the service of the complaint because of the running of the statute of limitations. Appellant then brings this appeal.

Section 15-13-90, S. C. Code of Laws, 1976, provides that the trial court, in its discretion, may permit the service of a pleading after the time limited by statute. The exercise of discretion by the trial court may be reviewed on appeal upon a showing of clear abuse thereof. *Lee v. Peek*, 240 S. C. 203, 125 S. E. (2d) 353 (1962).

Default in the service of the complaint in this case must be excused, if at all, on a showing of excusable neglect and a meritorious claim. *Davis v. Lunceford, supra.*

Counsel for appellant argues that the evidence established no neglect on the part of appellant himself and thus it was error to dismiss his claim. The record does in fact reveal that appellant enlisted the services of five different law firms in the preparation of his claim. Through no fault of appellant, the first four firms were unable to handle his claim. This fact, however, is not dispositive of the issue of neglect.

The general rule is that the neglect of the attorney is the neglect of the client, and that no mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client. *Lee v. Peek, supra.*

The proper focus, then, is on the conduct of appellant's counsel from the time of the first demand for the complaint until it was served on April 16, some eight months later. The only reasons tendered by counsel for appellant for the failure to serve the complaint until the morning of the hearing on the motion to dismiss were difficulty in putting the case together and the complexity of medical malpractice actions. Though appellant argues otherwise, there is no decisional support for the position that these excuses justify the default. See *Davis v. Lunceford, supra* at 579, 266 S. E. (2d) 73 (dissenting opinion); *Sanders v. Weeks*, 270 S. C. 214, 241 S. E. (2d) 565 (1978).

Once the issue of excusable neglect is decided adversely to the appellant, the issue of a meritorious claim becomes immaterial. *McInerny v. Toler*, 260 S. C. 382, 196 S. E. (2d) 122 (1973).

Appellant points out that the trial court dismissed the claim with prejudice without making appropriate findings to support its order. The order of the trial court states:

> The law is clear under these circumstances that the [appellant] is in default and the action must be dismissed with prejudice unless [appellant] can show pursuant to § 15-13-90, South Carolina Code of Laws, 1976, that the time should be enlarged because of a showing of a meritorious claim and excusable neglect. *Davis v. Lunceford; Lee v. Peek; Worrell v. Satterfield Construction Co.,* 269 S. C. 532, 238 S. E. (2d) 215; *Commerical Credit Corp. v. Knight,* 272 S. C. 435, 248 S. E. (2d) 589.

Neither the statute nor the decisions noted mandate dismissal with prejudice.

We find the language of *Small v. Mungo,* 254 S. C. 438, 441, 175 S. E. (2d) 802, 804 (1970) authoritative of the issue:

> While we sustain the order of the trial judge in so far as it dismisses the action, the dismissal *with prejudice* was improper. An order of dismissal for failure to proceed with the suit is in the nature of a discontinuance of the action and is not an adjudication of the merits. Ordinarily, it does not put an end to the cause of action, but merely terminates the suit itself. An order of dismissal *with prejudice* under the present facts was not justified.

The ruling of the trial court having been based on an erroneous interpretation of the law, the judgment of dismissal with prejudice constituted error.

The judgment of the lower court is accordingly modified so that its effect is to dismiss the action without prejudice; and is affirmed as modified.

Affirmed as modified.

SHAW and GOOLSBY, JJ., concur.