22107

Charles PRICE, Respondent, v. NORTHWESTERN MUTUAL LIFE INS. CO., Appellant, and Charles PRICE, Respondent, v. MOSS CREEK DEVELOPMENT CORP., Appellant.

(316 S. E. (2d) 391)

Supreme Court

*Barry L. Johnson* and *H. Grady Brown* of *Dowling, Sanders, Dukes, Novit & Savalina,* Beaufort, and *W. Gordon Hamlin, Jr.,* Atlanta, *for appellant.*

*James H. Herring* of *Herring & Meyer,* Hilton Head, *for respondent.*

May 16, 1984.

GREGORY, Justice:

Northern Mutual Life Insurance Company and Moss Creek Development Corporation appeal from an order of the circuit court refusing to dismiss the actions on the ground the complaints were not timely filed after service of Summonses (Complaints not Served).[1] We reverse.

On or about October 23 and 26, 1981, appellants were served with Summonses (Complaints not Served). A member of the Georgia Bar contacted respondent's counsel by telephone and, by letter dated November 3, 1981, demanded the complaints pursuant to S. C. Code Ann. § 15-13-230 (1976).

On January 8, 1982, the complaints still not served appellants, through South Carolina counsel, moved to set aside the summonses and dismiss the actions. After a hearing, the motions were denied and respondent was directed to file complaints within twenty days of the filing of the Order.

Appellants argue the circuit court erred in refusing to set aside the summonses and dismiss the actions because failure to serve complaints within twenty days of a demand made pursuant to § 15-13-230 and failure to obtain a written order extending the time to serve the complaints as required by Circuit Court Rule 14 constituted neglect which was not excusable. We agree.

Section 15-13-90 of the Code gives the court discretion to "allow an answer or reply to be made or other act to be done after the time limited by this Code..." A showing of excusable neglect and a meritorious defense or claim are conditions precedent to relief under this section. *Davis v. Lunceford*, 274 S. C. 576, 266 S. E. (2d) 73 (1980); *Hedgepath v. South Carolina State Highway Dept.*, 263 S. C. 98, 207 S. E. (2d) 820 (1974).

The circuit court found the existence of excusable neglect and a meritorious claim. Appellants except only to the finding of excusable neglect.

---

[1] The two actions were consolidated for hearing and, thus, are consolidated on appeal.

Respondent's counsel contends he had an oral agreement with appellants' Georgia counsel for a general extension of time in which to serve the complaints, and this constitutes excusable neglect. Respondent's counsel, however, did not comply with Circuit Court Rule 14 which requires that agreements and consents between parties or their attorneys in respect to the proceedings in a cause be in writing.

The evidence is conflicting as to whether there was any discussion of an extension of time for respondent to serve the complaints. This situation is similar to *Gillespie v. Rowe*, 275 S. C. 98, 267 S. E. (2d) 535 (1980), where the circuit court opened the time for the defendant to answer on the ground that there was excusable neglect because of confusion as to telephone conversations concerning extensions of time. This Court reversed, finding the defendant failed to comply with Circuit Court Rule 14, offered no excuse for failure to comply therewith, and offered no reason as to why he needed fifty-two days to answer a simple contract claim complaint.

Here, respondent's counsel failed to comply with Circuit Court Rule 14 and offered no excuse for failure to comply. He also offers no reason as to why he needed longer than twenty days after service of Summonses (Complaints not Served) to draft and serve complaints. Counsel for respondent opened his file for respondent at least as early as May 1977. In October 1981, realizing the Statute of Limitations was about to expire, he served the Summonses (Complaints not Served). When the complaints were finally served, each consisted of one cause of action and was approximately one page in length.

■ We hold the circuit court erred in finding excusable neglect.

■ Respondent offers as an additional sustaining ground that demand for service of complaints by an attorney not authorized to practice law in South Carolina does not constitute an appearance; thus the demand was not effective. We disagree. *G.A.R. Leasing Inc. v. DeForest*, 273 S. C. 41, 254 S. E. (2d) 50 (1979) and *Petty v. Weyerhauser*, 272 S. C. 282, 251 S. E. (2d) 735 (1979) indicate an out-of-state attorney can make an appearance in an action in this State. Moreover, counsel for respondent testified he told appellants' Georgia

counsel that he would not have to get South Carolina counsel to demand the complaints be served.

The order of the circuit court is

Reversed.

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.