22369

R. Anthony MOORE, Appellant, v. JIM MOORE CADILLAC, INC., Peugeot of America, Inc., and General Motors Acceptance Corporation, Defendants, of whom Peugeot of America, Inc., is Respondent.

(335 S. E. (2d) 798)

Supreme Court

*Melissa S. Kaufman* and *John Randolph Martin*, of *Finkel, Georgaklis, Goldberg, Sheftman & Korn*, Columbia, *for appellant.*

*Stephen G. Morrison* and *Richard H. Willis,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondent.*

Submitted Aug. 2, 1985.

Decided Sept. 9, 1985.

*Per Curiam:*

Appellant Moore brought this breach of warranty action against Jim Moore Cadillac, General Motors Acceptance Corporation, and respondent Peugeot. The action arose out of the sale and financing of a Peugeot station wagon. Appellant appeals an order allowing respondent to file a late answer under S. C. Code Ann. § 15-13-90 (1976). We reverse.

Appellant alleges error because respondent failed to show excusable neglect and a meritorious defense. *See Price v. Northwestern Mutual Insurance Co.* 281 S. C. 501, 316 S. E. (2d) 391 (1984); *Davis v. Lunceford,* 274 S. C. 576, 266 S. E. (2d) 73 (1980). The trial judge found excusable neglect from respondent's counsel's "good faith, reasonable impression that an answer would not be expected until a vehicle inspection could be arranged." This was error. No excusable neglect is shown when an alleged extension is not obtained in writing as required by Circuit Court Rule 14 and no excuse is offered for failure to comply with the rule. *Price v. Northwestern Mutual Life Ins. Co., supra; Metts v. Carmack,* 276 S. C. 280, 278 S. E. (2d) 333 (1981); *Gillespie v. Rowe,* 275 S. C. 98, 267 S. E. (2d) 535 (1980).

Accordingly, the order of the lower court is reversed and the case is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.