Evelyn S. TOLLISON and James Tollison, Plaintiffs,

v.

B & J MACHINERY COMPANY, INC., and Travelers Insurance Company, Defendants.

Nos. 6:92–277–20, 6:92–278–20.

United States District Court, D. South Carolina, Greenville Division.

Feb. 8, 1993.

Barney O. Smith, Jr., Greenville, SC, for plaintiffs.

Ellis M. Johnston, II, and Matthew P. Utecht, Greenville, SC, for Travelers Ins. Co.

William U. Gunn, Spartanburg, SC, for B & J Machinery.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motion of the defendant, Travelers Insurance Company ("Travelers"), for a judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). The basis of the motion is an assertion that the claim against Travelers is barred by the statute of limitations.

Evelyn Tollison ("Tollison") was severely injured on March 28, 1989, when her left arm became entangled in a carpet beveling

machine at her place of employment. Tollison filed this action on February 19, 1992.[1] The original complaint asserted claims for negligence, breach of warranty, and strict liability. It named Tollison's employer and B & J Machinery Company, Inc. as the defendants.[2] On November 3, 1992, Tollison filed an amended complaint which added Travelers as a defendant and asserts a claim of negligence against Travelers. The basis of the claim against Travelers is that it inspected the facility where Tollison was injured and failed to identify and report to her employer the danger which led to Tollison's injuries.

■■■ Travelers contends that it is entitled to a judgment on the pleadings because the claim against it is barred by the statute of limitations. "The test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law." *Smith v. McDonald*, 562 F.Supp. 829, 842 (M.D.N.C. 1983), *aff'd*, 737 F.2d 427 (4th Cir.1984), *aff'd*, 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985). When a defendant moves for a judgment on the pleadings, the well pleaded factual allegations of the complaint are taken as true, but those of the answer are taken as true only when they are not denied or do not conflict with the complaint. *Jadoff v. Gleason*, 140 F.R.D. 330, 331 (M.D.N.C.1991); 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 at 520 (1990). A motion under Rule 12(c) is an appropriate procedure when the statute of limitations is alleged to provide an effective bar against a plaintiff's claims. 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1367 at 511 (1990); *See*

*also Hemingway v. Shull*, 286 F.Supp. 243 (D.S.C.1968).

There are no disputed questions of material fact as to the statute of limitations issue raised by Travelers. The court must determine, as a matter of law, when the claim against Travelers accrued, so as to begin the running of the statute of limitations.

The parties agree that the three year statute of limitations provided by S.C.Code Ann. § 15–3–530(5) (Law.Co–op.1976 & Supp.1992)[3] applies to Tollison's claims. "The Supreme Court of South Carolina has held that the statute of limitations begins to run when the cause of action accrues and whenever there is a plaintiff who can sue, and a defendant who can be sued." *Macri v. Flaherty*, 115 F.Supp. 739, 741 (E.D.S.C.1953). The amended complaint, which asserts the claim against Travelers, was filed more than three years after Tollison's injury. Tollison contends when the court applies the "discovery rule" in determining when a cause of action accrues, the claim against Travelers was filed within the limitations period. Tollison argues that the limitation period should not begin to run on the claim against Travelers until after she discovered the alleged negligence of Travelers. The court does not agree with Tollison's interpretation of the "discovery rule."

■■■ "[A]n injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point...."

1. Tollison's husband, James Tollison, also filed an action. His claims are based on the same facts and circumstances as those asserted by Tollison, and his claims assert the same legal theories as Tollison asserts. His claims are for loss of consortium. This order applies to the actions filed by both Tollison and her husband and addresses the actions together.

2. By order of this court filed December 15, 1992, summary judgment was granted to Tollison's employer.

3. The statute provides a six year limitation period for actions arising or accruing prior to April 5, 1988 and a three year limitation period for actions arising or accruing on or after April 5, 1988. The causes of action in this case arise from an accident which occurred after April 5, 1998, so that the three year limitations period applies.

*Metts v. Carmack,* 276 S.C. 280, 278 S.E.2d 333, 334 (S.C.1981). "[T]he statute [of limitations] runs from the date *the injury* resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence." *Dillon County Sch. Dist. Number Two v. Lewis Sheet Metal Works, Inc.,* 286 S.C. 207, 332 S.E.2d 555, 559 (Ct.App.1985) (emphasis added). The important date under the discovery rule is the date that a plaintiff discovers the injury, not the date of the discovery of the identity of another alleged wrongdoer. If, on the date of injury, a plaintiff knows or should know that she has some claim against someone else, the statute of limitations begins to run for all claims based on that injury.

On March 28, 1989, Tollison was injured. On that date, she clearly knew that she had been injured, and a person of common knowledge and experience would have been put on notice that she had some claim against another party. On March 28, 1992, Tollison was "a plaintiff" who could sue and there was "a defendant" that could be sued. *See Macri,* 115 F.Supp. at 741. The fact that there may have been another potential defendant whose identity was unknown to Tollison does not prevent the running of the statute of limitations for all claims based upon this injury against all potential defendants.

The court finds that all claims arising out of Tollison's accident accrued on March 28, 1989, and the statute of limitations period began to run on that date. The claim asserted against Travelers on November 3, 1992 was brought beyond the three year statute of limitations period. Therefore, it is

ORDERED that the motion for judgment on the pleadings filed by Travelers is granted.

IT IS SO ORDERED.