**S AND S CONSTRUCTION, INC. OF ANDERSON, Plaintiff,**

v.

**RELIANCE INSURANCE COMPANY, Defendant.**

No. Civ.A. 2:98–2271–18.

United States District Court,
D. South Carolina,
Charleston Division.

Oct. 5, 1998.

Norman Ward Lambert, Greenville, SC, for plaintiff.

Louie Franklin Elmore, Greenville, SC, for defendant.

## ORDER

NORTON, District Judge.

This matter is before the court on Defendant's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

This case relates to a payment bond issued during the construction of the James Island Connector between Charleston and James Island. Avant Construction, a general contractor, entered into a contract with the South Carolina Department of Highways and Public Transportation (SCDHPT) for the construction of a portion of the Connector. As required by S.C.Code Ann. § 57–5–1660, Avant secured a payment bond. *See* S.C.Code Ann. § 57–5–1660. Reliance was the surety.

Thereafter, Avant subcontracted with S & S Construction for roughly $800,000 worth of dirt hauling. After completion of the project, Avant pursued roughly $275,000 worth of claims against the SCDHPT for additional work performed on the project. Of this amount, S & S alleges approximately $56,000 were "pass through" claims asserted on behalf of S & S and approximately $26,000 were S & S claims for unpaid retainage. All total, S & S argues that it was due roughly $83,000.

After Avant's presentation of the claims to the SCDHPT, the Department eventual-

ly recommended paying Avant's claims in the amount of $124,492.46. The Department issued its final payment to Avant for $124,492.46 on October 9, 1995. S & S argues that of this final settlement, $83,-313.96 should have been paid by Avant to S & S. Avant never paid the $83,000 of allegedly "pass through" claims and retainage over to S & S.

By lawsuit filed July 8, 1998 S & S sued under the payment bond to recover this amount of money (plus interest and attorney's fees) from Reliance as surety. Reliance argues that October 9, 1995 was the date that final payment was due to S & S and that by filing its lawsuit almost three years later S & S has filed outside of the one year statute of limitations.

## II. STANDARD FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Fed.R.Civ.P. 12(c). Such a motion should be granted when accepting the facts as pleaded in the Complaint, the case can be decided as a matter of law. *Tollison v. B & J Machinery Co., Inc.*, 812 F.Supp. 618, 619 (D.S.C.1993). When the statute of limitations is alleged as a bar to Plaintiff's claims, a motion under Rule 12(c) is appropriate. *Id.*

## III. ANALYSIS

Plaintiff first argues that S.C.Code Ann. § 15-3-520, the twenty year statute of limitations applicable to "sealed instruments," should apply to this case. Recently, the South Carolina Court of Appeals rejected Plaintiff's line of reasoning in a very similar set of circumstances related to the applicable statute of limitations and allegedly "sealed instruments." *See Republic Contracting Corp. v. South Carolina Dep't of Highways and Public Transportation*, 332 S.C. 197, 503 S.E.2d

761 (App.1998). The Court of Appeals ruled that merely affixing a seal to a document as required by statute does not create a "sealed instrument" that would extend the statute of limitations to twenty years.

The one year statute of limitations found in section 57-5-1660(b) deals specifically with payment bonds related to highway construction contracts with the SCDHPT. S.C.Code Ann. § 57-5-1660(b). As a matter of statutory construction a specific statute controls over a general statute. *See Witzig v. Witzig*, 325 S.C. 363, 479 S.E.2d 297, 299 (App.1996). Because section 1660 applies to the specific situation presently before this court, it provides the applicable statute of limitations.[1]

Under section 57-5-1660, the only relevant question becomes the date of the final settlement of the contract between Avant and the SCDHPT. In the light most favorable to S & S, the final settlement would have been on October 10, 1995, the date the SCDHPT settled Avant's claims.

Accordingly, an action against the surety must have been commenced within one year of that date. Because S & S filed suit on July 8, 1998, its case against Reliance is time barred.

At a hearing on September 25, 1998 S & S's counsel conceded that South Carolina did not recognize a cause of action for bad faith in these circumstances. *See Kennedy v. Henderson*, 289 S.C. 393, 346 S.E.2d 526, 528 (1986).

## VI. CONCLUSION

It is therefore,

**ORDERED** that Defendant's motion for judgment on the pleadings be **GRANTED;**

**AND IT IS SO ORDERED.**

---

1. At a hearing on September 25, 1998 Plaintiff conceded that if the one year statute of limitations applied, his case is time barred.