THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ronald C.
 Harris, Appellant,
 v.
 Penn Warranty
 Corporation and West Main Automotive, Respondents.
 
 
 

Appeal From Richland County
Thomas Russo, Circuit Court Judge

Unpublished Opinion No.  2007-UP-546
Submitted November 1, 2007  Filed
December 11, 2007  

AFFIRMED

 
 
 
 Ronald C. Harris, of Columbia, for Appellant.
 Robert Charles Brown, of Columbia and Steven P. Bucher, of Mt.
 Pleasant, for Respondents.
 
 
 

PER CURIAM: 
 Ronald C. Harris filed this action against Penn Warranty Corporation (Penn) and
 West Main Automotive (West Main) arising out of Harris purchase of an
 automobile.  At a jury trial, the court granted a directed verdict for the
 defendants as to five causes of action and the parties then reached a
 settlement.  The court recorded the settlement on the record and dismissed the remaining
 causes of action.  Harris appeals.  We affirm.
FACTS
Harris purchased a used automobile from
 West Main and a warranty from Penn.  The warranty included a clause
 invalidating the warranty if the odometer was inoperable.  Several months
 later, Harris returned the vehicle for repairs.  Penn refused to honor the
 warranty as the odometer was inoperable and refunded the payment for the
 warranty.  
At trial, after Harris presentation of his case, the court
 directed a verdict as to five of the ten causes of action and held the issue of
 directed verdicts on the remaining causes of action under consideration.  The
 court recessed and the parties negotiated a settlement.  When court reconvened,
 the parties discussed the settlement on the record and all parties agreed to
 the settlement of all issues involved in this case.     
The court issued an order stating:  Regarding
 Causes of Action #[ ] 2,7,8,9 and 10 of Plaintiffs Complaint the Court
 Directed a Verdict for Defense.  As to all other issues, the parties have
 settled the balance [of the] action thereby disposing [of] the entire case.  Harris
 did not file any post-trial motions.  Harris filed a notice of appeal and
 refused to accept the settlement funds.
LAW/ANALYSIS
In his appeal, Harris
 summarily argues his attorney failed to disclose to the court . . . the
 evidence of documents, deposition, exhibits, complaints and transcripts . . .
 .  We find no ground for reversal of the trial courts order.  
It is a
 long-standing and well-settled rule that an attorney may settle litigation on
 behalf of his client and that the client is bound by his attorneys settlement
 actions.  Motley v. Williams, 374 S.C. 107, 111, 647 S.E.2d 244, 246
 (Ct. App. 2007).  Acts of an attorney are
 directly attributable to and binding upon the client.  Absent fraud or mistake,
 where attorneys of record for a party agree to settle a case, the party cannot
 later repudiate the settlement.  Arnold v. Yarborough, 281 S.C.
 570, 572, 316 S.E.2d 416, 417 (Ct. App. 1984).  Any communication failure or
 mistake on the part of an attorney is directly attributable to his client.  Motley,
 374 S.C. at 112, 647 S.E.2d at 247.
In this case,
 Harris attorney settled the case on the record.  Harris attorney stated: 
 Your honor, it appears that we have come to a resolution. . .  Wed like to go
 on the record.  Both defendants have settled with the plainitiff.  Harris
 attorney explained that Penn and West Main agreed to pay Harris $1,000 and $900
 respectively to settle the matter.  The trial judge queried the attorneys and
 Harris himself to verify all issues were settled and then asked:  Mr. Harris,
 do you have any questions, sir, at all?  Harris asked about any possible
 counterclaims and was assured all potential counterclaims were also settled.  The
 trial court concluded the proceeding and issued the order of dismissal.    
We find no merit
 to Harris appeal.  He is bound by the settlement negotiated by his attorney. 
 When a party settles through the authorized actions of his attorney, the
 settlement cannot be attacked on the basis of inadequate representation by the
 litigants attorney.  Id. 
Based on the
 foregoing, the order on appeal is
AFFIRMED. 
ANDERSON,
 SHORT, and WILLIAMS, JJ., concur.